Cloice William STONE, Appellant,

v.

The STATE of Texas, Appellee.

No. 55471.

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 22, 1978.

Rehearing En Banc Denied
Dec. 20, 1978.

Robert T. Baskett, court appointed, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Steve Wilensky and Davis C. Schick, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for the sexual abuse of a child. V.T.C.A. Penal Code, Sec. 21.10. Punishment was assessed by the jury at 18 years and a fine of $10,000.

The record reflects that the appellant and his wife had hired their next-door neighbor to baby-sit with their children while both were at work. The children would either be taken to the neighbor's home in the morning or the neighbor would go to the appellant's home and return to her residence with the children. The youngest child, an infant of six months, required diapers and other supplies for her care. These supplies were stored in the appellant's residence. The baby-sitter stated that she would sometimes go there during the day to get additional supplies, and that both the appellant and his wife knew of and approved of this arrangement.

Neither the appellant nor his wife testified at his trial. At a hearing on appellant's motion to suppress, the wife testified that these supplies were usually taken to the baby-sitter with the children, but did not deny that the arrangement set out above existed. Both agreed that permission had been given for the baby-sitter to enter the house to get the items necessary for the infant's care.

On the date of the appellant's arrest, the baby-sitter had returned to the appellant's residence to get soap for the infant's bath. While in a bedroom, the baby-sitter saw a stack of photographs on a dresser and looked through them. The top photograph was of the appellant's infant child. Four of the other photographs in the stack were of the appellant. Two pictures showed the victim performing oral sex on him, one depicted the same little girl sitting on his lap while both were naked from the waist down, and the last picture was of the appellant standing naked alone. Two more photographs showed the same child performing oral sex on the appellant's wife. The remaining photograph was of the child naked from the waist down. The record reflects that these photographs were taken approximately one month before the appellant's arrest.

The baby-sitter took these photographs to the manager of the housing unit in which the appellant lived. The manager summoned the police and ultimately turned the photographs over to them. The photographs were also shown to the seven-year-old girl's parents.

At trial, the baby-sitter and the manager identified the girl in the pictures as the child of a family that lived nearby. These photographs were entered into evidence.

The seven-year-old girl in these photographs was allowed to testify after the judge questioned her and determined that she was a competent witness. The girl testified that she had been given candy to enter the appellant's residence and while in his residence that acts like those depicted in the photographs occurred. She also testified that the appellant attempted to have sexual intercourse with her and did have intercourse with his wife in the girl's presence. The girl also acknowledged that photographs were taken.

The girl's mother testified that the child lived with her and her second husband near the appellant's residence, but that they had moved the day after she learned of the incident depicted in the photographs. The

girl's parents had visited with appellant and his wife socially for some four or five months prior to the appellant's arrest. The mother stated that the girl was undergoing psychiatric care and had become nervous and wary of men. The judge did not allow the State to inquire any further as to the exact nature or the seriousness of the child's mental problems.

At this point the parties and this witness retired to the judge's chambers. Further testimony was elicited there, and was transcribed by the court reporter. The mother testified that the girl was once placed in the voluntary custody of a child welfare agency. Her testimony also revealed that her first husband and his brother had possibly sexually abused the child about one year before the incident in question. She related that her first husband had slept with the girl and "apparently . . . pounced on her in his sleep," and that his brother had masturbated in front of the child. She also testified as to action taken by a Dallas court and the Department of Human Resources regarding both incidents of abuse. The girl was no longer allowed to see her natural father except in public when accompanied by other persons. The mother knew of no other incidents of abuse of the child. This testimony was not permitted in front of the jury.

The court also refused to allow the appellant to introduce testimony from appellant's son which defense counsel maintained would show that the son and two other boys, all about twelve years of age, had engaged in various sexual acts with this seven-year-old girl. Although no bill of exception was made of the boys' testimony, the court sustained the State's objection to the offer of such testimony.

Various police officers testified concerning the appellant's arrest and the chain of custody of the pictures. The appellant's employer testified at the punishment stage as to the appellant's good work record.

Appellant does not challenge the sufficiency of the evidence.

■ Appellant initially challenges the admission of the photographs into evidence. He maintains that Art. 38.23, V.A.C.C.P., prohibits introduction of evidence obtained in violation of law by a private citizen. This challenge is not based on a constitutional violation, however, but on the contention that the baby-sitter's removal of the pictures was a theft under V.T.C.A. Penal Code, Sec. 31.03, and therefore obtained in violation of the law.

Article 38.23, V.A.C.C.P., supra, provides: "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

If no violation of the law occurred, this statute can have no application in the present case. Therefore, we see no need to determine whether the baby-sitter was an "officer or other person" under this statute, as we find the threshold question to be whether a violation of state law occurred.

V.T.C.A. Penal Code, Sec. 31.03, as applicable here, provides:

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

"(b) Appropriation of property is unlawful if:

"(1) it is without the owner's effective consent . . .."

V.T.C.A. Penal Code, Sec. 31.01(3)(A), provides that:

"(3) 'Deprive' means:

"(A) to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner . . .."

The evidence in the present case does not support a finding of an intent to deprive by the baby-sitter. The pictures were turned over to the police and the owners identified. This negates any inference that she sought to deprive the owner of his property. The effect of these actions would be to facilitate

the return of the property if the police did not find them to be evidence of a crime. We hold that Art. 38.23, supra, does not require the exclusion of this evidence.

The appellant also challenges the use of the pictures as evidence in that no proper predicate had been established and no witness had identified the pictures as to "whom, when and where" they were taken.

We first note that that the testimony of the baby-sitter, the manager, and the police established a proper chain of custody from the time the photographs were found on the dresser until they were entered into evidence. At trial, the seven-year-old girl testified that pictures had been taken by the appellant or his wife in their home at the time the acts depicted occurred. The pictures were not, however, shown to the child at trial.

The baby-sitter testified that she could determine from the photographs that they were taken at the appellant's home. Her testimony also established that the photographs were found in the appellant's home.

Testimony of the photographer is not necessary to render photographs admissible. *David v. State,* Tex.Cr.App., 453 S.W.2d 172. As long as the testimony shows that these photographs fairly and accurately depict the scene on the date of the offense, they are admissible.[1] *Fobbs v. State,* Tex. Cr.App., 468 S.W.2d 392; *Haas v. State,* Tex.Cr.App., 498 S.W.2d 206; *Goss v. State,* Tex.Cr.App., 549 S.W.2d 404.

Insofar as the record reflects, the acts which form the basis of the prosecution herein never occurred at any time other than the occasion in question. The victim described acts like those depicted in the photographs and testified that pictures were made. The baby-sitter identified the location portrayed in the picture. We conclude that the foregoing evidence constituted a basis from which the trial court could conclude that the pictures fairly and accurately depicted what occurred.

Appellant next contends that the trial court erred in entering evidence that the girl was undergoing psychiatric treatment. This testimony was in response to the prosecutor's inquiry as to what treatment the girl was undergoing. No objection was made to the question or answer. When the prosecutor proceeded to elicit other testimony regarding this treatment, appellant objected. The trial court then refused to allow any further evidence on this subject.

Appellant failed to timely object to the first question regarding this psychiatric care and received all the relief he sought regarding his subsequent objection. Thus, nothing is presented for our review. *Guzman v. State,* Tex.Cr.App., 521 S.W.2d 267; *Martinez v. State,* Tex.Cr.App., 504 S.W.2d 897.

Appellant further contends that the trial court erred in refusing to allow introduction of evidence showing prior sexual abuse of the complaining witness by her father and uncle. This testimony was preserved in a bill of exception made during the testimony of the girl's mother. Appellant offered this testimony to rebut and mitigate the testimony concerning the psychiatric care of the child. The trial court refused to allow this testimony into evidence at both the guilt-innocence and punishment stages of the trial.

This evidence, as all other evidence, must be relevant to a contested fact or issue to be admissible. The determination of this admissibility is within the sound discretion of the trial judge. *Lanham v. State,* Tex.Cr. App., 474 S.W.2d 197; *Hernandez v. State,* Tex.Cr.App., 484 S.W.2d 754; *Williams v. State,* Tex.Cr.App., 535 S.W.2d 637.

The mother's testimony regarding instances of sexual abuse by other persons is evidence of the victim's prior sexual conduct. This prior conduct cannot be asserted as a defense if the offense involves a child under the age of fourteen. See Sec. 21.-10(b), supra. Thus, this evidence could not

---

1. Appellant did not contend that the photographs were gruesome or that their prejudicial effect would outweigh any probative value.

have been germane to any fact issue concerning the appellant's guilt or innocence. Cf. *Young v. State,* Tex.Cr.App., 547 S.W.2d 23.

Nor does the record reveal any fact issue was raised that would warrant entry of this evidence at the punishment stage. In light of the explicit evidence depicting the acts perpetrated on a child of such tender age, a conclusion that mental harm resulted was inevitable. The mother's testimony went no further than to show the girl was under a psychiatrist's care and did not raise a fact issue regarding the seriousness of her mental problems. The mother's testimony of prior abuse would not have tended to justify the appellant's actions nor mitigate the seriousness of those acts.

We hold that the trial court did not abuse its discretion in excluding evidence of the prior sexual abuse of this child.

 The appellant also sought to introduce testimony from the appellant's son as to the girl's sexual encounters with the son and two other boys. The trial court refused to allow this into evidence.

Again, this evidence was not relevant to any fact issue raised in the appellant's trial for the sexual abuse of a child under the age of fourteen. We find that the trial court properly excluded this evidence.

 Appellant's final contention is that the State's argument during the punishment stage and set out below was improper:

"  .   .   . She will still have the scars of some sort that will bring her back to that point in time when she was in that trailer and now she knows or has some idea of the impact of what went on and she knows how it was bad and wrong, and I'm sure it's embarrassing to her, and don't you know it will always embarrass her if someone will know what happened to her back when she was a little girl at the hands of this Defendant.

"Now, that's sad it really is, and you should think about her when you're assessing your punishment. Let's think about her and think about the other chil-

dren that live in this community that are subjected to this type of conduct by others and use your common sense."

Appellant's objection that the prosecutor was urging the jury to consider what happens to other children was overruled.

We find this argument to be a proper plea for adequate punishment and law enforcement. *Hicks v. State,* Tex.Cr.App., 545 S.W.2d 805; *Crawford v. State,* Tex.Cr.App., 511 S.W.2d 14; *Pogue v. State,* Tex. Cr.App., 474 S.W.2d 492.

The judgment is affirmed.