

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-16-00226-CR

The **STATE** of Texas,
Appellant

v.

Lauro Eduardo **RUIZ**,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR4068
Honorable Andrew Carruthers, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice
Dissenting Opinion by: Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  July 26, 2017

I dissent from the majority opinion because the high school principal's conduct in scrolling through the photograph and video images on Ruiz's cell phone, without his consent or any exigent circumstances, constituted an illegal search, and therefore the evidence obtained as a result of such conduct must be excluded under article 38.23 of the Texas Code of Criminal Procedure.  TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005).

In its brief, the State agrees that, "the pertinent facts are not in dispute — the school administrator, Mr. Saenz, picked up Ruiz's phone, scrolled briefly through the phone, and turned the phone over to police."  Thus, the State does not dispute that, instead of merely holding the cell

phone in a safe place and waiting for police, Saenz himself conducted a search on Ruiz's cell phone

before calling the police.  It is similarly undisputed that no search warrant existed at the time Saenz

searched the cell phone.  Indeed, the trial court expressly found that Saenz conducted a search of

Ruiz's cell phone without a warrant and gave the information he obtained to law enforcement

authorities.  As framed by the State and the majority opinion, the ultimate issue on appeal is the

legal question of whether Saenz's conduct as a private citizen triggered the article 38.23

exclusionary rule.

The majority opinion adopts the State's argument that Saenz could not violate the Fourth

Amendment's protection against unreasonable search and seizure because he is a private citizen,

and that Saenz did not obtain the cell phone evidence through any other violation of the law;

therefore, article 38.23 does not apply.  I disagree.  As the Court of Criminal Appeals explained in

*Miles v. State*,

> [T]he plain language and history of Article 38.23 lead to an inescapable conclusion: if an officer violates a person's privacy rights by his illegal conduct making the fruits of his search or seizure inadmissible in a criminal proceeding under Article 38.23, that same illegal conduct undertaken by an 'other person' is also subject to the Texas exclusionary rule.  If the police cannot search or seize, then neither can the private citizen.

*Miles v. State*, 241 S.W.3d 28, 36 (Tex. Crim. App. 2007) (also stating the converse is equally

true).  The court in *Miles* discussed many of the cases relied on in the majority opinion in the

context of this "shoes of the police officer" interpretation.  *See id.* at 37-39 (discussing *Stone v.

State*, 574 S.W.2d 85 (Tex. Crim. App. 1978) (panel op.),[1] *Cobb v. State*, 85 S.W.3d 258 (Tex.

Crim. App. 2002), *State v. Johnson*, 939 S.W.2d 586 (Tex. Crim. App. 1996), and *Jenschke v.

State*, 147 S.W.3d 398 (Tex. Crim. App. 2004)).  The court conceded that these cases were not

---

[1] The majority's heavy reliance on *Stone v. State* is misplaced, particularly since it is factually distinguishable and legally inapposite.

explained on that basis, but stated, "this rule—that a private person can do what a police officer standing in his shoes can legitimately do, but cannot do what a police officer cannot do—would explain the outcome in each case and is consistent with the purpose of Article 38.23." *Miles*, 241 S.W.3d at 39. Finally, the court stated, "[w]e conclude that the historical rationale for including unlawful conduct by an 'other person' under the Texas exclusionary rule is best explained and implemented by this rule." *Id.*[2]

Using the *Miles* rule as guidance, absent a warrant, consent, or exigent circumstances, a police officer standing in the shoes of the school principal, Mr. Saenz, could not have picked up and searched through Ruiz's cell phone after it was secured on top of the desk under the supervision of two administrators. Ruiz had a legitimate expectation of privacy in the contents of his cell phone, and it is just such interest that the Texas exclusionary rule protects. *See Riley v. California*, 573 U.S. ___, 134 S.Ct. 2473, 2488-91, 189 L.Ed.2d 430 (2014) (discussing the scope of privacy interests at stake in a cell phone search); *see Miles*, 241 S.W.3d at 36 n.33 (only those acts which violate a person's privacy rights or property rights are subject to the state or federal exclusionary rule). With respect to whether Saenz reasonably believed he had Ruiz's consent to look through the cell phone, as the State argues in its brief, the trial court expressly found that Ruiz did not give consent to the search of his cell phone and the record supports that finding. *See Baird v. State*, 398 S.W.3d 220, 226 (Tex. Crim. App. 2013) (appellate court reviews the record in the light most favorable to the trial court's resolution of disputed facts, and affords almost total deference to the court's findings of facts supported by the record).

---

[2] The most recent Court of Criminal Appeals case addressing a private citizen search in the context of article 38.23, *Baird v. State*, was resolved on the distinguishable fact that the dog sitter had access to "everything" in the house, and thus had apparent consent to access the home's computer and did not commit the offense of breach of computer security. *Baird v. State*, 398 S.W.3d 220, 228-30 (Tex. Crim. App. 2013).

Further, based on the record, there were no exigent circumstances to justify an immediate search of the phone as there was no danger that Ruiz would delete any of the information or images on the phone after it was securely placed on the desk and being monitored by school administrators. *See Riley*, 134 S.Ct. at 2486-88 (discussing exigent circumstance of "imminent destruction of evidence" in context of cell phone data). In addition, as it was later, the phone could have easily been further secured inside an envelope until a search warrant was obtained by police. The Supreme Court has recognized the unique characteristics of modern cell phones as different "in both a quantitative and a qualitative sense" from other objects, acknowledging that they "implicate privacy concerns far beyond . . . the search of . . . a wallet, or a purse." *Id.* at 2488-89 (discussed in the context of the search-incident-to-arrest exception to a warrant). The Court noted that modern cell phones are "in fact minicomputers" with an immense storage capacity, containing many distinct types of information such as photos, addresses, bank information, internet search history, etc. that amount to "the sum of an individual's private life." *Id.* at 2489. In rejecting government suggestions for guidelines permitting warrantless cell phone searches incident to arrest, the Court emphasized the importance of the warrant requirement and the increased ease and efficiency in obtaining a warrant due to recent technological advances. *Id.* at 2493. The Court held that a search warrant is required for a cell phone search, and that the search-incident-to-arrest exception does not apply. *Id.* In so holding, the Court also recognized that "other case-specific exceptions may still justify a warrantless search of a particular phone," such as when exigent circumstances make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment. *Id.* at 2494 (citing as examples the need to prevent imminent destruction of evidence, to pursue a fleeing suspect, and to assist a seriously injured person). As noted, none of those exigencies were present in Ruiz's case. By scrolling through the images on

Ruiz's cell phone, Saenz did what a police officer in the same shoes could not have legally done without a warrant or an exception to the warrant requirement. *See Miles*, 241 S.W.3d at 39; *see also Melendez v. State*, 467 S.W.3d 586, 592 (Tex. App.—San Antonio 2015, no pet.) (applying the *Miles* rule). Therefore, for this reason I would affirm the trial court's ruling granting Ruiz's motion to suppress.

Rebeca C. Martinez, Justice

PUBLISH