

# Fourth Court of Appeals

## San Antonio, Texas

### OPINION

No. 04-16-00226-CR

The **STATE** of Texas,
Appellant

v.

Lauro Eduardo **RUIZ**,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR4068
Honorable Andrew Carruthers, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice
Dissenting Opinion by: Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  July 26, 2017

REVERSED AND REMANDED

        This case stems from Appellee Lauro Eduardo Ruiz's ten-count indictment charging Ruiz

with attempted production of sexual performance by a child.  TEX. PENAL CODE ANN. § 43.25(d)

(West 2016) ("A person commits an offense if, knowing the character and content of the material,

he produces, directs, or promotes a performance that includes sexual conduct by a child younger

than 18 years of age.").  The trial court granted Ruiz's motion to suppress and excluded all

photographs, evidence, and data obtained from the search of Ruiz's cell phone.  This State's appeal

ensued.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2014, two female students at a private high school notified Dean of Students Dolores Rodriguez that Ruiz, a substitute teacher, was acting inappropriately. The students provided images of Ruiz's cell phone, placed on top of his bag, near the podium, with the camera facing up, and allegedly capturing images from underneath the female students' skirts. Rodriguez contacted Academic Dean and Vice Principal Steven Hayward; Hayward summoned Ruiz to the administrative offices. Principal Gilbert Saenz was not on campus at the time.

Pending Principal Saenz's return to campus, Rodriguez and Hayward began investigating the allegations. Rodriguez posed the initial question to Ruiz—whether "anything happened that day in the classroom." A very nervous Ruiz acknowledged "he had a problem." Ruiz's nervousness and "fidgeting" with his cell phone led Rodriguez to fear the possible deletion of information. Rodriguez requested that Ruiz place the cell phone on Saenz's desk; both Rodriguez and Hayward testified that Ruiz complied without incident, comment, or objection. Shortly thereafter, Principal Saenz arrived. All three administrators testified that Ruiz again admitted that "he had a problem" and that there were inappropriate images on his cell phone. Saenz terminated Ruiz's employment and informed Ruiz that law enforcement would be notified.

Principal Saenz advised Ruiz that the cell phone would be turned over to law enforcement authorities. Pursuant to his own request, Ruiz retrieved several phone numbers from the cell phone. At some point, Saenz saw approximately twenty videos or images on the cell phone. After Ruiz obtained the information from his cell phone, he returned the cell phone to Saenz, and Saenz placed the cell phone in a manila envelope and sealed the envelope. Consistent with his statement to Ruiz, Saenz contacted the Castle Hills Police Department, made a report, and turned the cell phone over to the officers. Pursuant to a search warrant, the Castle Hills Police Department officers viewed and secured several images depicting the area underneath the students' skirts. Ruiz

was subsequently charged with multiple counts of attempted production of sexual performance by a child.

On December 31, 2015, Ruiz filed a motion to suppress any and all tangible evidence seized in connection with the case asserting that Principal Saenz did not obtain a warrant and no exception to the warrant requirement applies. The State filed a memorandum of law in opposition to the motion to suppress on March 11, 2016. Following an evidentiary hearing on March 9, 2016, and on April 7, 2016, the trial court made the following oral findings of fact, *see State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (explaining that trial court's findings on a motion to suppress may be written or oral):

- "the information obtained from Ruiz's cell phone was a result of a private citizen seizing [Ruiz's] telephone;"
- "Ruiz may or may not have consented to leaving his cell phone with school authorities;"
- "Ruiz did not consent to [Saenz's search of Ruiz's cell phone];"
- "Saenz . . . conducted a search of the defendant's telephone without obtaining a search warrant;"
- "[Saenz] subsequently gave the information he had obtained from the search of [Ruiz]'s cell phone to law enforcement authorities;"
- "a search warrant was obtained by police officers;" and
- "information was obtained from [Ruiz's] cell phone through the search warrant."

The trial court concluded that because Saenz's actions did not fall under the warrantless search exceptions of either consent to search or exigent circumstances, Saenz's warrantless examination of Ruiz's cell phone violated Texas Code of Criminal Procedure article 38.23(a). *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005).

The trial court also made the following oral conclusions of law:
- "Information [taken from the cell phone was] fruit of the poisonous tree since the initial examination of the contents of [Ruiz's] cell phone was without a warrant, was without [Ruiz's] consent or permission."

- "Saenz's examination of [Ruiz's] cell phone [was] without a warrant, without [Ruiz's] consent, [and] without exigent circumstances which justified a warrantless search."

- "[A]ll of the information obtained from [Ruiz's] cell phone is inadmissible against [Ruiz].

The one-sentence, handwritten, order signed by the trial court on April 7, 2016, provides as follows:

> The motion to Suppress Granted as to all photographs, evidence & data obtained from the search of [Ruiz's] cell phone.

## STANDARD OF REVIEW

An appellate court reviews a trial court's ruling on a motion to suppress on a bifurcated standard of review; a reviewing court must

> give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo.

*Wilson v. State*, 442 S.W.3d 779, 783 (Tex. App.—Fort Worth 2014, pet. ref'd) (citing *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007)); *see also Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). This court must "uphold the trial court's ruling on appellant's motion to suppress if that ruling was supported by the record and was correct under any theory of law applicable to the case." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003) (citing *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)). We will reverse the trial court's suppression decision if it is unsupported by the record, "arbitrary, unreasonable, or 'outside the zone of reasonable disagreement.'" *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

**MOTION TO SUPPRESS BEFORE THE TRIAL COURT**

The State contends the trial erred in granting Ruiz's motion to suppress under the Texas exclusionary rule. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a).

**A.      Texas Code of Criminal Procedure Article 38.23(a)**

The Texas exclusionary rule provides as follows:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a); *see Miles v. State*, 241 S.W.3d 28, 34 (Tex. Crim. App. 2007). If the search or seizure violated the law, the Texas exclusionary rule is applicable to "'other persons,' even when those other persons are not acting in conjunction with, or at the request of, government officials." *Miles*, 241 S.W.3d at 36; *see also Cobb v. State*, 85 S.W.3d 258, 270–71 (Tex. Crim. App. 2002) (considering private citizen under section 38.23(a)'s "other person" status); *Royston v. State*, No. 14-13-00920-CR, 2015 WL 3799698, at *3 (Tex. App.—Houston [14th Dist.] June 18, 2015, pet. ref'd) (mem. op., not designated for publication) (same). Simply put, if no violation of the law occurred, article 38.23(a) has no application in the present case.

**B.      Burden of Proof on a Motion to Suppress**

"'[T]he burden of persuasion is properly and permanently placed upon the shoulders of the moving party. When a criminal defendant claims the right to protection under an exclusionary rule of evidence, it is his task to prove his case.'" *Pham v. State*, 175 S.W.3d 767, 773 (Tex. Crim. App. 2005) (quoting *Mattei v. State*, 455 S.W.2d 761, 766 (Tex. Crim. App. 1970)). When the evidence is collected by a private person, the Texas Code of Criminal Procedure requires proof that the private person obtained the evidence in violation of the law. *See Cobb*, 85 S.W.3d at 270–

71 (citing *State v. Johnson*, 939 S.W.2d 586, 588 (Tex. Crim. App. 1996)) (considering private citizen under section 38.23(a)'s "other person" status); *Royston*, 2015 WL 3799698, at *3 (same).

## C.      Proof that Evidence Obtained in Violation of Law

In this case, the trial court made an affirmative finding that Principal Saenz was a private person, and we afford the finding "almost total deference." *Wilson*, 442 S.W.3d at 783. Because Saenz was a private person, or "other person" pursuant to article 38.23(a), Ruiz bore the burden to prove that Saenz obtained the evidence "in violation of law." *See Baird v. State*, 379 S.W.3d 353 (Tex. App.—Waco 2012), *aff'd*, 398 S.W.3d 220 (Tex. Crim. App. 2013); *see also Mayfield v. State*, 124 S.W.3d 377, 378 (Tex. App.—Dallas 2003, pet. ref'd) ("If a defendant challenges the admissibility of evidence under article 38.23(a) on the ground it was wrongfully obtained by a private person in a private capacity, the defendant must establish that the private person obtained that evidence in violation of law."). In other words, to implicate the protections of the Texas exclusionary rule, Ruiz had to establish that Saenz violated a law in the process of seizing Ruiz's phone. *See Baird*, 379 S.W.3d at 357. Here, the only alleged violation of law Ruiz raised in his motion to suppress was a violation of the Fourth Amendment to the United States Constitution and article I, section 9, of the Texas Constitution. U.S. CONST. amend. XIV; TEX. CONST. art. I, § 9.

### *1.      Alleged Fourth Amendment Violation*

The Fourth Amendment only applies to searches and seizures by agents of the government; it does not extend to the conduct of private persons who are not acting as government agents. *Walter v. United States*, 447 U.S. 649 (1980); *Brimage v. State*, 918 S.W.2d 466, 479 n.14 (Tex. Crim. App. 1994); *Gillett v. State*, 588 S.W.2d 361, 363 (Tex. Crim. App. 1979). Similarly, article I, section 9 of the Texas Constitution does not apply to the actions of private individuals. *Lee v. State*, 773 S.W.2d 47, 48 (Tex. App.—Houston [1st Dist.] 1989, no pet.). Therefore, because Saenz is a private individual, his alleged search of the cell phone under either the Fourth

Amendment or the Texas Constitution cannot substantiate the violation of law required under article 38.23.

    2.      *Violation of Law by Private Individual*

When the movant on a motion to suppress proves the individual acted with intent to deprive the owner of the seized property, the evidence is properly excluded under article 38.23(a). *See* TEX. CODE CRIM. PROC. ANN. § 38.23(a); *see also Cobb*, 85 S.W.3d at 270–71 (explaining court's first question when evidence obtained through private individual is whether private individual was acting to deprive the owner of the seized items). In *Dixon v. State*, No. 13-09-00445-CR, 2010 WL 3419231, at *1 (Tex. App.—Corpus Christi Aug. 27, 2010, pet. ref'd) (mem. op., not designated for publication), a private citizen was shopping when he noticed a cell phone "laying on a pair of pants." The individual took the cell phone, handed it to his sister, and she placed the cell phone in her pants pocket. *Id*. The individual and his sister left the store with the cell phone. *Id*.

Upon discovering that the cell phone's battery was dead, the individual removed the SIM card and placed the card into another cell phone. *Id*. Instead of the anticipated music, the SIM card contained videos depicting "individuals being beaten up." *Id*. Several weeks later, the individual's girlfriend showed the videos to a security officer at her place of employment. *Id*. The security guard confiscated the phone as evidence of a crime. *Id*. Based on the videos, the State charged Dixon, the cell phone owner, with injury to a disabled individual; Dixon filed a motion to suppress the videos. *Id*. at *2. The trial court concluded the private individual obtained the evidence in question by violating the law. *Id*. In other words, because the individual's original intent in taking the cell phone was to deprive the owner of the property, i.e. he intended to steal the cell phone, article 38.23(a) mandated exclusion of the videos. *See id*. (citing TEX. CODE CRIM. PROC. ANN. § 38.23); *see also State v. Johnson*, 939 S.W.2d 586, 588 (Tex. Crim. App. 1996)

(suppressing evidence obtained by victim's son who illegally entered a funeral home and removed evidence resulting in burglary charges filed against son); *Jenschke v. State*, 147 S.W.3d 398, 403 (Tex. Crim. App. 2004) (suppressing evidence of used condom obtained by victim's parents from defendant's truck and held evidence for almost two years before turning over to police).

Here, Ruiz does not contend Saenz obtained the phone by theft, criminal trespass, or similar criminal violation.

### 3.   *Individual Actions Cannot Exceed Actions Warranted by Officer*

In *Miles v. State*, 241 S.W.3d at 43–46, the Texas Court of Criminal Appeals addressed whether *any* violation of law perpetrated by private individual implicates article 38.23. After an intoxicated Miles drove away from the scene of an accident, a tow-truck driver followed Miles the wrong direction down a one-way street. *Id*. at 44. The individual, along with others, ultimately stopped Miles and detained him until officers arrived. *Id*. A firearm was located in the vehicle and Miles was charged with unlawful possession. *Id*. Miles filed a motion to suppress the firearm alleging that, because the private citizen violated the traffic laws, the evidence obtained after the stop violated article 38.23. *Id*.

During the motion to suppress, the tow-truck driver acknowledged violating the traffic laws, but explained that he activated his overhead lights as he followed Miles in an attempt to both stop Miles and to warn on-coming traffic of Miles's reckless behavior. *Id*. at 45. The court concluded that contrary to Miles's contention that the individual's conduct increased the risk to public safety, the tow-truck driver's actions warned oncoming traffic of the danger Miles posed to other drivers. *Id*. An officer could have acted as the individual did in attempting to stop Miles, i.e. violate the traffic laws in an attempt to arrest Miles; thus, the private individual's actions did not implicate article 38.23. *Id*. at 45–46. Because Miles failed to prove the private individual's violation of the traffic laws exceeded the manner in which a peace officer could have acted in

effectuating Miles's arrest, article 38.23 did not apply and the trial court properly denied the motion to suppress. *See id.*

Like the Texas Court of Criminal Appeals' determination that the Texas exclusionary rule did not apply to the tow-truck driver in *Miles*, Ruiz failed to prove Saenz violated the law and the Texas exclusionary rule does not apply to Saenz.

       *4.*       *Possession with Intent to Provide Evidence to Police Officers*

Courts have long held that a private citizen taking possession of evidence—solely with the intent to provide the evidence to police officers for purposes of a criminal investigation—does not implicate article 38.23(a). In *Stone v. State*, 574 S.W.2d 85, 87 (Tex. Crim. App. 1978), the defendant and his wife "hired their next-door neighbor to babysit their children while both [parents] were at work." Although the children were generally cared for at the babysitter's home, the babysitter had access to the Stone residence to obtain diapers and other necessary supplies for the Stone children. *Id.*

On the day in question, the babysitter accessed the Stone residence "to get soap for the infant's bath." *Id.* "While in the bedroom, the baby-sitter saw a stack of photographs on a dresser and looked through them." *Id.* The top photograph depicted the youngest Stone child. *Id.* Four of the other photographs in the stack were pictures of Stone. *Id.* Four pictures were of a naked Stone engaged in sexual activity, including oral sex with an unrelated seven-year-old victim who lived nearby. *Id.* Two more photographs showed the same child performing oral sex on Stone's wife. *Id.* The remaining photograph was of the victim naked from the waist down. *Id.*

The babysitter took the photographs to the manager of the housing complex in which Stone lived. *Id.* The manager contacted law enforcement; the babysitter and the manager identified the seven-year-old victim as the child of another family in the housing complex. *Id.* Prior to the photographs being turned over to law enforcement, the photographs were also shown to the

victim's parents. *Id*. Stone was charged with sexual abuse. *Id*. Stone filed a motion to suppress the photographs alleging that article 38.23 of the Texas Code of Criminal Procedure prohibited the admission of the photographs obtained in violation of the law by a private citizen. *Id*. at 88.

The Texas Court of Criminal Appeals began its analysis explaining that, "[i]f no violation of the law occurred, [article 38.23] can have no application in the present case." *Id*.; *see also Hailil v. State*, 430 S.W.3d 549, 554–55 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (concluding exclusionary rule did not apply when private person did not violate a law in procuring the evidence—no criminal trespass because he was invited into the room). The babysitter was authorized to be in the Stone residence when she found the photographs. *Stone*, 574 S.W.2d at 87. The court noted that after taking possession of the photographs, the photographs "were turned over to the police and the owners identified." *Id*. at 88. "This negates any inference that [the babysitter] sought to deprive the owner of his property." *Id*. The court further explained that if the photographs had not been evidence of a crime, law enforcement would have returned the photographs to Stone. *Id*. at 88–89. The court concluded that article 38.23 "[did] not require the exclusion of [the photographs]." *Id*. at 89.

## D.    Application to Present Case

Here, the trial court made a finding that Saenz was a private citizen, but did not determine whether Ruiz "consented to leaving his cell phone with school authorities." We defer to such findings. *See Wilson*, 442 S.W.3d at 783; *Baird*, 398 S.W.3d at 226. This case, however, does not turn on whether Ruiz consented to Saenz's search of the cell phone. Rather, it turns on whether Ruiz met his burden to prove that Saenz violated the law in obtaining the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a). Ruiz's motion to suppress did not allege that either Saenz or the Castle Hills Police Department violated any other law, and the trial court did not make such a

finding. Furthermore, the record does not support that Saenz violated any state or federal law that would require suppression in this case.

### 1. Lawfully on the Premises

The babysitter in *Stone* clearly did not obtain consent from Stone before taking possession of the photographs. The court's analysis in *Stone* began with a determination that the babysitter, a private individual, was lawfully in Stone's residence when she found and took possession of the photographs. *See Stone*, 574 S.W.2d at 87; *Cobb*, 85 S.W.3d at 271. Like the *Stone* babysitter, when Saenz took possession of Ruiz's cell phone, he was acting as a private individual and was lawfully in his office when the cell phone came into his possession. *See Stone*, 574 S.W.2d at 87; *Cobb*, 85 S.W.3d at 271.

### 2. Taking Possession of the Evidence

In *Stone*, the defendant argued the babysitter committed a theft when she removed the pictures from the defendant's residence. *See Stone*, 574 S.W.2d at 88; *see also Baird*, 379 S.W.3d at 357 (concluding defendant's effective consent to access bedroom and computer negated claims of trespass or breach of computer security); *Kane*, 458 S.W.3d at 187–88 (concluding administrator's access of thumb drive did not constitute breach of computer security). Ruiz, on the other hand, does not assert Saenz committed any criminal offense—Ruiz does not contend Saenz violated the law in obtaining the pictures; he does not allege that Saenz committed a theft, that Saenz trespassed, or that Saenz breached computer security in viewing the pictures or procuring the cell phone. *Cf. Stone*, 574 S.W.2d at 87–88 (theft); *Baird*, 379 S.W.3d at 357 (trespass); *Kane*, 458 S.W.3d at 187–88 (breach of computer security). Instead, Ruiz argues that Saenz grabbed Ruiz's cell phone, "without Ruiz's consent, and thus, in violation of his legitimate expectation of privacy, the Fourth Amendment, and article 38.23."

Similar to the photographs obtained by the babysitter in *Stone*, Saenz believed the cell phone contained images involving minor, female students, i.e. evidence of criminal wrongdoing, and took possession of the cell phone with the intent "of turning it over" to the police. *See Stone*, 574 S.W.2d at 87. The record substantiates, and Ruiz's counsel argued the same during oral argument, that *prior to viewing any images* contained on the cell phone, Saenz told Ruiz that the cell phone would be turned over to law enforcement and that the cell phone would not be returned to Ruiz. Saenz told him "I'm taking your phone and I'm going to give it to the police."[1] It was Saenz's directive that the cell phone would not be returned that prompted Ruiz's request to access the cell phone to retrieve stored telephone numbers. Saenz subsequently placed Ruiz's cell phone in a manila envelope "to secure the evidence" and "to protect the chain of custody."

## E.    Conclusion

Giving deference to the trial court's findings of fact, the record clearly supports that (1) Saenz was a private person and was lawfully in his office, (2) Saenz took possession of the cell phone with the intent to turn the evidence over to law enforcement, (3) Saenz placed the cell phone in a manila envelope, and (4) Saenz turned the cell phone over to law enforcement authorities. Bearing in mind that Ruiz bore the burden of persuasion on his motion to suppress, *see Pham*, 175 S.W.3d at 773, Ruiz failed to establish that Saenz violated any law when he took possession of Ruiz's cell phone, *see* TEX. CODE CRIM. PROC. ANN. art. 38.23(a). In other words, Ruiz failed to prove Saenz took the cell phone for any purpose other than to turn the cell phone over to law enforcement. *See Stone*, 574 S.W.2d at 88–89; *see also Pham*, 175 S.W.3d at 773.

---

[1] We further note that Saenz never relinquished possession of the cell phone—even after Ruiz requested permission to obtain a telephone number from the cell phone's directory. Although Saenz allowed Ruiz to physically hold the cell phone in order to obtain telephone numbers, Saenz was present the entire time and monitoring Ruiz's actions. After Ruiz wrote down the information in question, Ruiz returned the cell phone to Saenz's physical possession and Saenz immediately placed the cell phone in the manila envelope.

Based on a review of the entire record, we conclude Ruiz failed to establish that article 38.23(a) applies to Saenz. Because the statute does not apply, the trial court erred in suppressing the photographs, evidence, and data obtained from the subsequent search of Ruiz's cell phone by the Castle Hill Police Department officers. *See Stone*, 574 S.W.2d at 88–89; *Cobb*, 85 S.W.3d at 270–71. Additionally, because article 38.23 does not apply, the question of exigent circumstances is of no consequence. Accordingly, the trial court erred in concluding that the information taken from Ruiz's cell phone was "fruit of the poisonous tree." We, therefore, reverse the trial court's order granting the motion to suppress and remand this matter to the trial court for further proceedings consistent with this opinion.

Patricia O. Alvarez, Justice

Publish