

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–1348–17

**LAURO EDUARDO RUIZ, Appellee**

**v.**

**THE STATE OF TEXAS**

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

**KEEL, J., delivered the unanimous opinion of the Court.**

### O P I N I O N

This case is about the application of our statutory exclusionary rule to private

individuals.

Appellee was charged with attempted production of sexual performance by a child

for pictures found on his cell phone. TEX. PENAL CODE §§ 15.01, 43.25. The trial court

granted his motion to suppress the pictures. The court of appeals reversed the trial court's

order. *State v. Ruiz*, 535 S.W.3d 590 (Tex. App.—San Antonio 2017). We granted

Appellee's petition for discretionary review to consider whether the court of appeals misapplied the standard of review and failed to indulge every presumption in favor of the trial court's ruling. We affirm the judgment of the court of appeals.

## Facts

Appellee was a substitute teacher at a private high school. Students reported that he was using his cell phone to take pictures up the skirts of female students. The dean and vice principal summoned Appellee to the office and questioned him about the allegations. He became nervous and began fidgeting with his phone. Concerned that he might delete incriminating information from his phone, the dean asked Appellee to place the phone on the desk, and he did.

When Principal Gilbert Saenz joined the meeting, Appellee admitted that he "had a problem." Saenz scrolled through the photos on Appellee's phone and saw images of the legs of girls who were dressed in the school uniform. Saenz allowed Appellee to retrieve some information from his phone and then placed the phone in an envelope and turned it over to the police. Police obtained a series of search warrants for the phone and found incriminating images taken from underneath students' skirts.

Appellee moved to suppress the evidence from his phone because Saenz did not have either his consent or a warrant to search the phone. Appellee argued that Saenz's warrantless search of the phone violated the Fourth Amendment and that the evidence should be suppressed under Code of Criminal Procedure Article 38.23. The trial court

agreed and suppressed the evidence as fruit of the poisonous tree because the affidavits supporting the warrants included information that Saenz obtained when he searched the phone without a warrant and without any exception to the warrant requirement. The State appealed.

## Court of Appeals

The court of appeals held that the Fourth Amendment does not apply to the actions of private individuals who are not acting as government agents. *Ruiz*, 535 S.W.3d at 594. It considered whether Appellee met his burden to prove that Saenz otherwise violated the law in obtaining the evidence. *Id*. The court noted that Appellee's motion to suppress did not allege that Saenz violated the law, the trial court did not make a finding related to the violation of any laws, and "the record does not support that Saenz violated any state or federal law that would require suppression in this case." *Id*. at 597. Concluding that Appellee did not meet his burden of proving that Saenz violated the law in searching and seizing the phone, the court of appeals reversed the trial court's order. *Id*. at 598.

## Standard of Review

We review a motion to suppress under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We give almost total deference to the trial court's findings of fact and review *de novo* the application of the law to the facts. *Id*. We view the record in the light most favorable to the trial court's ruling and uphold the ruling if it is supported by the record and is correct under any theory of the law

applicable to the case. *Id*. at 447-48.

## Analysis

Appellee argues that the evidence in this case must be suppressed because a police officer in Saenz's shoes could not have legally searched Appellee's phone. He relies on Texas Code of Criminal Procedure Article 38.23 and *Miles v. State*, 241 S.W.3d 28 (Tex. Crim. App. 2007). He claims that the effect of *Miles* is to apply "the Fourth Amendment warrant requirement – and the exceptions to that requirement – to the conduct of private persons." (quoting *Pitonyak v. State*, 253 S.W.3d 834, 850 (Tex. App.— Austin 2008, pet. ref'd)). We reject his argument because (1) the Fourth Amendment does not apply to the actions of private individuals, (2) reading Article 38.23 to apply the Fourth Amendment to private individuals would lead to an absurdity, and (3) the context of *Miles*'s holding does not support Appellee's reading of it.

Appellee argues in the alternative that the evidence had to be suppressed because Saenz committed breach of computer security when he scrolled through the phone's photos. TEX. PENAL CODE § 33.02(a). He failed to disprove the statutory defense to that crime, however, so the evidence will not be suppressed on that basis, either.

## Fourth Amendment

The Fourth Amendment "was intended as a restraint upon the activities of sovereign authority, and was not intended to be a limitation upon other than governmental agencies." *Burdeau v. McDowell*, 256 U.S. 465, 475 (1921). "It has, of course, been

settled since *Burdeau v. McDowell*, that a wrongful search or seizure conducted by a private party does not violate the Fourth Amendment and that such private wrongdoing does not deprive the government of the right to use evidence that it has acquired lawfully." *Walter v. U. S.*, 447 U.S. 649, 656 (1980) (citation omitted). "The exclusionary rule under the Fourth Amendment applies only to governmental action." *Gillett v. State*, 588 S.W.2d 361, 363 (Tex. Crim. App. 1979) (*en banc*). The Constitution is a restraint on government. Other laws restrain individuals.

**Article 38.23**

Article 38.23 reads in pertinent part as follows:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

TEX. CODE CRIM. P. art. 38.23(a). Its "other person" provision has supported suppression of evidence obtained by private individuals in violation of criminal laws.

For example, in *State v. Johnson*, 939 S.W.2d 586, 587 (Tex. Crim. App. 1996), we upheld the trial court's suppression of evidence obtained by private parties via a series of burglaries. We reasoned that Article 38.23 means "only what it says: that evidence illegally obtained by an 'officer or other person' ought [to] be suppressed." *Id*. at 588. We cited the burglary statute, Texas Penal Code section 30.02, as the law violation that required suppression of the evidence. *Id*. at 587.

*Johnson* observed that an exclusionary "statute that solely proscribed the use of

evidence at trial obtained by a private person in violation of the United States Constitution would be logically absurd because, under our law, actions of private persons do not fall under the purview of the United State Constitution." *Id*. at 588. We agree and add that a private person cannot comply with the Fourth Amendment, either, to the extent that he cannot get a search warrant. *See* TEX. CODE CRIM. PROC. art. 18.01(a) (defining a search warrant as an order "directed to a peace officer").

Our opinion in *Miles*, however, could be read to imply that a private person can violate the constitution:

> [I]f an officer violates a person's privacy rights by his illegal conduct making the fruits of his search or seizure inadmissible in a criminal proceeding under Article 38.23, that same illegal conduct undertaken by an "other person" is also subject to the Texas exclusionary rule. If the police cannot search or seize, then neither can the private citizen.

241 S.W.3d at 36. That implication was unnecessary to *Miles*'s holding because the case did not raise the possibility of a constitutional violation by a private individual. Rather, *Miles* addressed whether evidence obtained by a tow truck driver had to be suppressed because he committed traffic violations in order to get the evidence. 241 S.W.2d at 29.

*Miles* held that if evidence is obtained in violation of a criminal law, it may not be suppressed if the private citizen's actions mirrored proper, reasonable police action such as traffic violations during a pursuit. *Id*. at 45. "Only those acts which violate a person's privacy rights or property interests are subject to the state or federal exclusionary rule." *Id*. at 35 n.33. Because the tow truck driver's traffic violations did not infringe Miles's

property or privacy rights, they did not trigger Article 38.23. *Id*. The *Miles* "rule" – that a private person cannot do what a police officer cannot do – arose in the context of alleged violations of criminal laws rather than alleged violations of the Constitution, and it should be limited to that context.

Such a limitation is supported by *Miles*'s use of its rule to explain the outcome of four other cases, all of which, like *Miles*, dealt with alleged criminal law violations by private individuals. *Miles*, 241 S.W.3d at 39. *See Stone v. State*, 574 S.W.2d 85 (Tex. Crim. App. 1978) (Stone challenged the admissibility of photos on grounds that they had been stolen by his babysitter); *Cobb v. State*, 85 S.W.3d 258 (Tex. Crim. App. 2002) (Cobb challenged the admissibility of knives on grounds that his father stole them); *Johnson*, 939 S.W.2d 586 (Johnson successfully suppressed evidence acquired by his stepsons who committed burglary to get it); and *Jenschke v. State*, 147 S.W.3d 398 (Tex. Crim. App. 2004) (Jenschke succeeded in suppressing evidence obtained by private individuals who burglarized his truck).

Appellee claims that the *Miles* rule also explains the outcome in *Baird v. State*, 398 S.W.3d 220 (Tex. Crim. App. 2013). Like the foregoing cases, however, the issue in *Baird* was whether evidence obtained by a private individual had to be suppressed because of criminal law violations; the issue was not whether the private individual violated the Fourth Amendment. *Id*. at 222. Appellee cites no case – and we have found none – in which evidence was suppressed under Article 38.23 for a Fourth Amendment

violation by a private individual acting in a private capacity.

We disavow the idea that Article 38.23 extends the Fourth Amendment to private citizens acting in a private capacity. We reaffirm that the Fourth Amendment is a restraint on government and that it does not apply to private individuals who are acting as such. The court of appeals correctly held that Saenz's search of Appellee's phone was not a violation of the Fourth Amendment because Saenz was acting as a private individual when he looked at the pictures.

**Breach of Computer Security**

Appellee argues in the alternative that Saenz's search of the phone was a breach of computer security. Appellee had the burden of showing a statutory violation that would require suppression of evidence under Article 38.23. *State v. Robinson*, 334 S.W.3d 776, 779 (Tex. Crim. App. 2011). He did not meet that burden.

"A person commits an offense if the person knowingly accesses a computer, computer network, or computer system without the effective consent of the owner." TEX. PENAL CODE § 33.02. It is a defense to breach of computer security that the accused "acted with the intent to facilitate a lawful seizure or search of, or lawful access to, a computer, computer network, or computer system for a legitimate law enforcement purpose." TEX. PENAL CODE§ 33.02(e).

The trial court found that Saenz accessed the phone without Appellee's consent. The trial court made no findings about Saenz's intent in accessing the phone, and the

undisputed evidence showed that Saenz took the phone and looked through it for the purpose of giving it to the police for investigation. The record thus would not support a finding against the statutory defense of intent to facilitate a lawful search for a legitimate law enforcement purpose, and Appellee failed in his burden of showing a statutory violation.

## Conclusion

We affirm the judgment of the court of appeals and remand the case to the trial court for further proceedings consistent with this opinion.


Delivered: July 3, 2019
Publish