**REVERSE and REMAND and Opinion Filed January 26, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00698-CR

**THE STATE OF TEXAS, Appellant**
**V.**
**JACK BRYAN TIGHE II, Appellee**

**On Appeal from the County Criminal Court No. 9**
**Dallas County, Texas**
**Trial Court Cause No. MB18-49378-K**

## MEMORANDUM OPINION
Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Osborne

The trial court granted appellee Jack Bryan Tighe II's motion to suppress the results of the State's alcohol analysis of his blood after he was charged with driving while intoxicated. The State appeals the trial court's ruling. We reverse the trial court's order and remand the case to the trial court for further proceedings.

### BACKGROUND

On April 23, 2018, Texas Department of Public Safety officer Jamal Manigo responded to a single vehicle crash on the Dallas North Tollway. Manigo identified the driver of the vehicle as Tighe. While interviewing Tighe, Manigo detected an

odor of alcohol coming from Tighe's breath and observed that Tighe's eyes were bloodshot, glassy, and watery. Tighe told Manigo that he had consumed two alcoholic beverages earlier that day at a work event.

After conducting standardized field sobriety tests on Tighe, Manigo determined that Tighe had lost the normal use of his physical faculties by reason of alcohol and placed him under arrest for driving while intoxicated. Manigo asked Tighe for permission to take a blood sample. When Tighe refused, Manigo executed an affidavit for a search warrant to obtain a blood specimen from Tighe. The magistrate issued a search warrant that provided in part:

> Now, therefore, you are commanded to take custody of the suspect and transport the suspect to a medical or jail facility in Dallas County, Texas where you shall search for, seize and maintain as evidence the property described in said Affidavit, to-wit: human blood from the body of [Tighe].

Manigo took Tighe to Parkland Hospital in Dallas, Texas and executed the warrant less than an hour after the magistrate issued it by having a registered nurse draw the blood from Tighe. The blood specimen was submitted to the Texas Department of Public Safety Crime Lab in Garland on April 24, 2018. The lab issued an Alcohol Content Laboratory Report dated August 30, 2018, showing that Tighe's blood had an alcohol concentration of 0.186 grams of alcohol per 100 milliliters of blood.

Tighe moved to suppress the results of the analysis of his blood that was seized pursuant to the warrant. Relying on *State v. Martinez,* 570 S.W.3d 278 (Tex. Crim.

App. 2019), Tighe argued that the search warrant only allowed the state to seize his blood; it did not allow the State to analyze the blood it collected.

At the hearing on Tighe's motion to suppress, all of the supporting documents including the affidavit, the warrant, and the laboratory report were admitted into evidence. The trial court heard the parties' arguments and stated on the record that Tighe's motion was granted for two reasons: (1) the State failed to obtain a second warrant for testing as *Martinez* requires, and (2) the analysis was not made within three days of the warrant's issuance, as required by the code of criminal procedure. *See* TEX. CODE CRIM. PROC. art. 18.07(a)(3) (three-day period allowed for execution of search warrant, exclusive of day of issuance and day of execution). The trial court also signed a written order granting the motion on November 11, 2019. This appeal followed.

## ANALYSIS

In a single issue, the State argues that the trial court erred by granting the motion to suppress.[1] We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *State v. Staton*, 599 S.W.3d 614, 616 (Tex. App.—Dallas 2020, pet. ref'd) (citing *State v. Ruiz*, 577 S.W.3d 543, 545 (Tex. Crim. App. 2019)). We give almost total deference to the trial court's determination of historical

---

[1] Tighe has not filed an appellate brief. As we have explained, Tighe argued in the trial court that *Martinez* required suppression of the test results because the warrant authorized only seizure of his blood, not testing. In its appellate issue, the State challenges both grounds cited by the trial court in its oral ruling, *Martinez* and code of criminal procedure § 18.07.

facts and review de novo the application of the law to the facts. *Id.* We view the record in the light most favorable to the trial court's ruling and uphold the ruling if it is supported by the record and is correct under any theory of the law applicable to the case. *Id.*

After the trial court signed its order in this case and this appeal was filed, the Texas Court of Criminal Appeals issued its opinion in *Crider v. State*, 607 S.W.3d 305 (Tex. Crim. App. 2020), *petition for cert. filed*, No. 20-823 (U.S. Dec. 17, 2020). Considering similar facts to those before us now, the court stated: "Here, the State obtained the blood sample by way of a magistrate's determination that probable cause existed to justify its seizure—for the explicit purpose of determining its evidentiary value to prove the offense of driving while intoxicated. That magistrate's determination was sufficient in this case to justify the chemical testing of the blood. And this is so, we hold, even if the warrant itself did not expressly authorize the chemical testing on its face." *Id.* at 308.

Here as in *Crider*, the magistrate's determination that probable cause existed to justify the seizure of the blood sample from Tighe was sufficient to justify the chemical testing of the blood seized. *See id.*; *see also State v. Jones*, 608 S.W.3d 262, 264 (Tex. App.—Dallas 2020, pet. ref'd) (concluding *Martinez* did not apply to blood draw pursuant to warrant "because it dealt with a different question—i.e., whether 'an individual has an expectation of privacy in blood previously drawn for purposes other than police testing,'" quoting *Staton*, 599 S.W.3d at 618).

Also after the trial court issued its order and the State filed this appeal, this Court considered and rejected the argument that code of criminal procedure article 18.07 governs the time for testing blood as well as the time for seizing it. In *State v. Jones*, we explained:

> [Article 18.07] merely provides the deadlines for seizing the evidence, not analyzing it. It specifies that with certain exceptions not applicable here, a warrant must be *executed* within three days of its issuance, exclusive of the day of issuance and the day of execution. . . . The execution of the warrant is the blood draw, not the testing and/or analysis of that blood. Our opinion in *Staton* says nothing about imposing a deadline for the testing and/or analysis of blood, much less applying the statutory deadline of article 18.07(a)(3) to the testing and/or analysis of the blood, and we decline Jones's invitation to create new law on this subject.

*Jones*, 608 S.W.3d at 264–65 (citing *Staton*, 599 S.W.3d at 618).

We conclude the trial court erred by granting appellee's motion to suppress. *See Crider*, 607 S.W.3d at 308; *Jones*, 608 S.W.3d at 264–65; *Staton*, 599 S.W.3d at 618. We sustain the State's sole issue.

## CONCLUSION

We reverse the trial court's order granting the motion to suppress and remand the case to the trial court for further proceedings.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200698F.U05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

THE STATE OF TEXAS, Appellant

No. 05-20-00698-CR     V.

JACK BRYAN TIGHE II, Appellee

On Appeal from the County Criminal Court No. 9, Dallas County, Texas
Trial Court Cause No. MB18-49378-K.
Opinion delivered by Justice Osborne. Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the trial court's November 19, 2019 order granting appellee Jack Bryan Tighe II's motion to suppress is **REVERSED** and the cause is **REMANDED** for further proceedings.

Judgment entered January 26, 2021