**REVERSE and REMAND; Opinion Filed March 30, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00661-CR

**THE STATE OF TEXAS, Appellant**
**V.**
**KRISTEN MAE STATON, Appellee**

**On Appeal from the County Criminal Court No. 9**
**Dallas County, Texas**
**Trial Court Cause No. MA14-52583-K**

## OPINION

Before Justices Partida-Kipness, Nowell, and Evans
Opinion by Justice Nowell

The State appeals the trial court's order granting appellee Kristen Mae Staton's motion to suppress. In a single issue, the State argues the trial court's order is erroneous. We agree. We reverse the trial court's order granting the motion to suppress and remand this cause to the trial court for further proceedings.

Following a car accident, Staton was arrested for driving while intoxicated. Staton refused to give a voluntary specimen of her breath or blood. Senior Corporal Joshua Boykin of the Dallas Police Department executed an affidavit for a search warrant. The affidavit stated Staton "has possession of and is concealing human

blood, which constitutes evidence that [Staton] committed the offense" of driving while intoxicated. The affidavit continued: "I believe that the suspect is intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the suspect's body." Boykin's affidavit requested a warrant "that will authorize Affiant or Affiant's agent to search the person of the suspect for the blood evidence described above and seize the same evidence that the offense described was committed and that the suspect committed the said offense."

The magistrate issued a search warrant, which states:

Now, therefore, you are commanded to take custody of the suspect and transport the suspect to a medical or jail facility in Dallas County, Texas[,] where you shall search for, seize and maintain as evidence the property described in said Affidavit, to-wit: human blood from the body of Staton.

The magistrate also issued an order for assistance in execution of the search warrant, which states: "[T]his court has issued a warrant to search for and seize blood" from Staton. Staton's blood was drawn.

Staton moved to suppress the results of the analysis of her blood that was seized pursuant to the warrant.[1] Staton argued the search warrant only allowed the State to seize her blood; it did not allow the State to then analyze the blood it

---

[1] Staton did not challenge the existence of probable cause to support the blood-draw warrant.

–2–

collected. The trial court granted her motion to suppress the results of the blood-alcohol analysis. The court's order states: "The Court finds the taking of the blood from the defendant was done properly, however, the subsequent search of that blood through an analysis of the blood was illegal and any results obtained from that search are inadmissible." The State appeals the trial court's order.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *State v. Ruiz*, 577 S.W.3d 543, 545 (Tex. Crim. App. 2019). We give almost total deference to the trial court's determination of historical facts and review de novo the application of the law to the facts. *Id*. We view the record in the light most favorable to the trial court's ruling and uphold the ruling if it is supported by the record and is correct under any theory of the law applicable to the case. *Id.*

This appeal presents a purely legal issue: whether the search warrant obtained by the State permitted the testing and analysis of Staton's blood. Staton argued to the trial court and maintains on appeal that the court of criminal appeals' recent opinion in *State v. Martinez*, 570 S.W.3d 278 (Tex. Crim. App. 2019), required the State to obtain an additional search warrant to authorize the testing and analysis of her blood and, because the State failed to do so, the results of the testing must be suppressed.

After a traffic accident, Martinez was taken to the hospital where medical personnel drew his blood for medical purposes. *Martinez*, 570 S.W.3d at 281.

Martinez voluntarily left the hospital after informing nurses he could not afford any tests. *Id.* at 282. Subsequently, upon the State's presentation of a grand jury subpoena, the hospital released Martinez's blood to an agent of the Department of Public Safety; the State sent the blood to a crime laboratory for testing. *Id.* Martinez moved to suppress the blood-test results, and the trial court granted the motion. *Id.* at 281. Affirming the trial court, the court of criminal appeals held "there is a Fourth Amendment privacy interest in blood that has already been drawn for medical purposes." *Id.* at 292. In that case, Martinez had a subjective expectation of privacy in his blood drawn for medical purposes, and the State's warrantless testing of the blood was a Fourth Amendment search separate and apart from the seizure of the blood by the State. *Id.* Because no exception to the warrant requirement applied, the State was required to obtain a warrant before testing Martinez's blood. *Id.*

The Fourth District Court of Appeals considered *Martinez* when analyzing facts akin to those before us today. *See Crider v. State*, No. 04-18-00856-CR, 2019 WL 4178633 (Tex. App.—San Antonio Sept. 4, 2019, pet. granted) (mem. op., not designated for publication). Crider was arrested for driving while intoxicated. Based on an officer's affidavit, the trial court issued a valid search warrant authorizing Crider's blood to be taken. *Id.* at *1. Relying on *Martinez*, Crider filed a motion to suppress the results of the blood testing and analysis because the State did not obtain a separate warrant authorizing testing and analysis of the blood

–4–

sample; the trial court denied the motion.  *Id.*  The Fourth District Court of Appeals distinguished *Martinez*, stating:

> Here, in contrast, police obtained Crider's blood sample pursuant to a valid search warrant.  Although the warrant does not expressly authorize testing and analysis of the blood sample, *Martinez* does not require that it do so.  Rather, *Martinez* merely holds that an individual has an expectation of privacy not only in the blood in his body, but also in blood previously drawn for purposes other than police testing.  Crider does not identify, and we are not aware of, any authority requiring that a search warrant authorizing the drawing of a blood sample must also expressly authorize testing and analysis of the blood sample.

*Id.* at *2 (internal citation omitted).  The *Crider* court did not "believe the *Martinez* court intended to require specific authorization of testing where probable cause supports a warrant for blood collection."  *Id.* (citing *Martinez*, 570 S.W.3d at 290).  Rather, it stated, "common sense dictates that blood drawn for a specific purpose will be analyzed for that purpose and no other."  *Id.* (citing *State v. Comeaux*, 818 S.W.2d 46, 52 (Tex. Crim. App. 1991)).  The *Crider* court concluded the officer's affidavit, which requested a blood sample "constitut[ing] evidence that the offense [driving while intoxicated] was committed and that [Crider] committed the offense," was sufficient to allow the State to test and analyze the blood for that purpose as well.  *Id.*  Therefore, "[a]bsent any authority requiring specific authorization for testing and analysis of blood drawn pursuant to a valid search warrant, we conclude the trial court did not err in denying Crider's motion to suppress."  *Id.*  The Thirteenth District Court of Appeals reached a similar conclusion after applying *Martinez*.  *See*

*Hyland v. State*, No. 13-16-00596-CR, 2019 WL 6205465, at *3-4 (Tex. App.—Corpus Christi-Edinburg Nov. 21, 2019, no pet.) (op. on remand).

We agree with the *Crider* court's analysis. Here, the police obtained Staton's blood sample pursuant to a valid search warrant. Staton's blood was drawn solely to test for alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other intoxicating substance introduced into her body, as indicated in Boykin's sworn affidavit. The search warrant gave authorization to "search for, seize and maintain as evidence the property described in said Affidavit, to-wit: human blood from the body of" Staton. Although the warrant does not expressly authorize testing and analysis of the blood sample, *Martinez* does not require that it do so. Rather, *Martinez* holds that an individual has an expectation of privacy in blood previously drawn for purposes other than police testing. *See Martinez*, 570 S.W.3d at 291. Those are not the facts before us.

Staton, like Crider, does not identify, and we are not aware of, any authority requiring a search warrant authorizing the drawing of blood for a specific purpose to also expressly authorize testing and analysis of the blood sample to effectuate that purpose. Rather, common sense dictates that blood drawn for a specific purpose will be analyzed for that purpose and no other. *See Crider*, 2019 WL 4178633, at *2. In this case, Staton's blood was drawn and analyzed for the purpose of testing for intoxicating substances, and the State sought to admit the results of that specific testing. Accordingly, we conclude the trial court erred by granting Staton's motion

–6–

to suppress, and we sustain the State's sole issue.  We reverse the trial court's order granting the motion to suppress and remand this cause to the trial court for further proceedings consistent with this opinion.


/Erin A. Nowell/

ERIN A. NOWELL
JUSTICE


Publish
TEX. R. APP. P. 47.2(b)
190661F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-19-00661-CR     V.

KRISTEN MAE STATON, Appellee

On Appeal from the County Criminal Court No. 9, Dallas County, Texas Trial Court Cause No. MA14-52583-K.

Opinion delivered by Justice Nowell. Justices Partida-Kipness and Evans participating.

Based on the Court's opinion of this date, the trial court's order granting Kristen Mae Staton's motion to suppress is **REVERSED** and the cause **REMANDED** for further proceedings.

Judgment entered this 30th day of March, 2020.