**Affirm and Opinion Filed October 27, 2020**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-19-01385-CR**
**No. 05-19-01386-CR**
**No. 05-19-01387-CR**

**ANDY CONSUELO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-76362-I, F18-76365-I, and F18-76366-I**

## OPINION

Before Justices Whitehill, Pedersen, III, and Reichek
Opinion by Justice Pedersen, III

Appellant Andy Consuelo appeals the trial court's order denying his June 18, 2019 Defendant's Motion to Suppress (the "Motion"). He raises a single appellate issue, contending that the search warrant with which police obtained a sample of his blood violated the Health Insurance Portability and Accountability Act ("HIPAA"). We affirm the trial court's order.

## Background

Appellant was involved in a two-vehicle traffic accident. Three people in the car appellant hit were injured, and appellant was rendered unconscious. He was taken to the hospital where medical personnel provided emergency care to him. In that process, his blood was drawn. Unidentified hospital personnel informed officers that "[h]ospital toxicology revealed [appellant] had PCP, amphetamine, cocaine, opiates, marijuana, and benzodiazepines in his blood."

Officer J. Mitchell included that information in his affidavit in support of a warrant to obtain a sample of appellant's blood. The affidavit also contained the following information: police were unable to perform any standard field sobriety tests because appellant was "unconscious in the hospital"; a witness, Barbara Thompson, told police that she witnessed appellant operating a motor vehicle in a public place; appellant's eyes were bloodshot and dilated; his appearance was disorderly and "blood[y]"; and appellant refused to provide a sample of breath and/or blood. A magistrate signed the warrant, and appellant's blood was drawn and provided to the police for testing. Appellant was subsequently charged with three counts of intoxication assault.

Appellant filed his Motion seeking to have results of the testing suppressed.[1] He argued that the hospital personnel violated HIPAA by releasing the hospital's toxicology test results to the police. He contended that HIPAA assured him privacy in his medical records and that if the toxicology results were removed from Officer Mitchell's affidavit, then the warrant would have been insufficient to show probable cause to draw appellant's blood. Appellant urged that the blood draw violated his Fourth Amendment right to be free from unreasonable search and seizure and that the warrant should be suppressed.

The State had also issued a grand jury subpoena for appellant's medical records after the case was filed. Appellant argued that "the knowledge they sought [was] tainted by the previous HIPAA violation disclosure," so the records should be excluded from evidence.

The trial court heard arguments from counsel and denied appellant's Motion. Appellant subsequently pleaded guilty in each case. Pursuant to plea agreements, the trial court sentenced him to eight years' confinement in each case.

These appeals followed.

## The Motion to Suppress

Appellant contends that the police blood draw violated the Fourth Amendment's prohibition against unreasonable searches and seizures. U.S. CONST.

---

[1] Appellant had filed an earlier Motion to Suppress Blood Test, but that motion was never set for hearing or ruled upon. Moreover, the arguments within that first motion—that appellant was illegally

amend. IV. Specifically, he argues that the warrant's reliance upon the hospital's toxicology results—which were released to the police without appellant's consent—represented a violation of HIPAA. If the toxicology results had not been included in Officer Mitchell's affidavit, appellant argues, then the affidavit would not have shown probable cause to issue the warrant.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *State v. Ruiz*, 577 S.W.3d 543, 545 (Tex. Crim. App. 2019). We give almost total deference to the trial court's determination of historical facts and review de novo the application of the law to the facts. *Id.* We view the record in the light most favorable to the trial court's ruling and uphold the ruling if it is supported by the record and is correct under any theory of the law applicable to the case. *Id.*

Texas law predating HIPAA held that a person has no reasonable expectation of privacy in blood-alcohol test results from tests taken by hospital personnel solely for medical purposes after a traffic accident. *State v. Hardy*, 963 S.W.2d 516, 527 (Tex. Crim. App. 1997). The Texas Court of Criminal Appeals has asserted that *Hardy*'s holding remains valid "even in light of the subsequently enacted provisions of HIPAA." *State v. Huse*, 491 S.W.3d 833, 842 (Tex. Crim. App. 2016).

---

detained and that the officers failed to give him a statutory warning—were not raised in the hearing below and are not raised in appellant's brief in this Court. Accordingly, we do not address those arguments.

Appellant argues that a 2009 amendment to HIPAA requires a change in the law. He cites this sentence, which was added to the original statute:

> [A] person (including an employee or other individual) shall be considered to have obtained or disclosed individually identifiable health information in violation of this part if the information is maintained by a covered entity . . . and the individual obtained or disclosed such information without authorization.

42 U.S.C. § 1320d-6(a). Appellant does not explain how the addition of this language changes the analysis of *Hardy* and *Huse*.[2] We have previously rejected this identical argument. *See Sanders v. State*, No. 05-12-01186-CR, 2014 WL 1627320, at *6 (Tex. App.—Dallas Apr. 23, 2014, pet. ref'd) (not designated for publication) ("We are not persuaded that the amendment appellant relies on changes the fact that there is no reasonable expectation of privacy in blood-alcohol test results obtained for medical purposes following an accident.").

Moreover, as the court pointed out in *Huse*, HIPAA actually bolstered its *Hardy* holding, because it provides specific exceptions in which the disclosure of otherwise protected health care information is permitted. 491 S.W.3d at 842. One such exception, found in Title 45 of the Code of Federal Regulations, provides:

> A covered health care provider providing emergency health care in response to a medical emergency, other than such emergency on the premises of the covered health care provider, may disclose protected health information to a law enforcement official if such disclosure appears necessary to alert law enforcement to:
>
> (A) The commission and nature of a crime;

---

[2] We note that *Huse* post-dates the 2009 amendment by seven years.

(B) The location of such crime or of the victim(s) of such crime; and

(C) The identity, description, and location of the perpetrator of such crime.

45 C.F.R. § 164.512(f)(6)(i). It is undisputed that the hospital obtained appellant's toxicology results while its personnel were providing him health care in response to a medical emergency. By reporting those results to the police, hospital personnel were alerting law enforcement to evidence of the commission and nature of a crime, i.e., appellant's ingestion of a number of illegal substances. *See id.* § 164.512(f)(6)(i)(A). Accordingly, HIPAA specifically allowed the release of appellant's toxicology results to the police.[3]

Because the release of those results did not violate HIPAA, the grand jury subpoena seeking appellant's medical records could not be, as appellant contends, fruit of the poisonous tree. Indeed, another exception to HIPAA's general rule of non-disclosure applies to information sought for a grand jury. "A covered entity may disclose protected health information: . . . [i]n compliance with and as limited by the relevant requirements of: . . . [a] grand jury subpoena." 45 C.F.R. § 164.512(f)(1)(ii)(B). Here again, the disclosure about which appellant complains was specifically permitted by HIPAA.

---

[3] Given our conclusion that HIPAA and the Fourth Amendment were not violated, we need not address the sufficiency of the warrant had the toxicology results been omitted from Officer Mitchell's affidavit.

We conclude the trial court's ruling on the Motion is supported by the record and represents a correct interpretation of HIPAA and its application to the facts of this case. *See Ruiz*, 577 S.W.3d at 545. We overrule appellant's issue.

**Conclusion**

We affirm the trial court's order denying appellant's Motion.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

191385f.p05

191386f.p05

191387f.p05

Publish
TEX. R. APP. P. 47



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ANDY CONSUELO, Appellant

No. 05-19-01385-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas Trial Court Cause No. F18-76362-I. Opinion delivered by Justice Pedersen, III. Justices Whitehill and Reichek participating.

Based on the Court's opinion of this date, the order of the trial court is **AFFIRMED**.

Judgment entered this 27th day of October, 2020.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ANDY CONSUELO, Appellant

No. 05-19-01386-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F18-76365-I.
Opinion delivered by Justice Pedersen, III. Justices Whitehill and Reichek participating.

Based on the Court's opinion of this date, the order of the trial court is **AFFIRMED**.

Judgment entered this 27th day of October, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANDY CONSUELO, Appellant

No. 05-19-01387-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F18-76366-I.
Opinion delivered by Justice Pedersen, III. Justices Whitehill and Reichek participating.

Based on the Court's opinion of this date, the order of the trial court is **AFFIRMED**.

Judgment entered this 27th day of October, 2020.