**AFFIRMED and Opinion Filed March 29, 2021**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00102-CR**

**DONTE CHOYCE MOON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82158-2019**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Carlyle

Donte Choyce Moon appeals his conviction for unlawful possession of a firearm by a felon. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Sgt. John Woodruff pulled Moon over for a traffic violation in McKinney. Moon told Woodruff he was driving his cousin's car and admitted having outstanding warrants for traffic violations in other counties. After running Moon's driver's license and reviewing his criminal history, Woodruff asked Moon to exit the car. He patted Moon down to check for weapons and asked if he could search the car. Moon denied consent.

After confirming the outstanding warrants, Woodruff arrested Moon and secured him inside a patrol car. Woodruff then called a wrecker to impound the car Moon was driving and searched the car with another officer. Using Moon's keys, Woodruff unlocked the glove compartment and found a pistol.

The State indicted Moon for unlawfully possessing a firearm as a felon. *See* TEX. PENAL CODE § 46.04(a). Moon filed a pretrial motion to suppress evidence of the gun, arguing it was found during an unlawful search incident to arrest. The State responded that the gun was found during a lawful inventory search necessitated by the car's impoundment. The trial court denied Moon's motion, conducted a bench trial, found Moon guilty, and sentenced him to two years' imprisonment.

Moon first contends the trial court abused its discretion by denying his motion to suppress. We review the trial court's ruling under a bifurcated standard of review, giving almost total deference to the trial court's determination of historical facts while reviewing de novo its application of the law to the facts. *State v. Staton*, 599 S.W.3d 614, 616 (Tex. App.—Dallas 2020, pet. ref'd) (citing *State v. Ruiz*, 577 S.W.3d 543, 545 (Tex. Crim. App. 2019)). When, as here, the trial court does not issue findings of fact, findings that support the trial court's ruling are implied if the evidence, viewed in the light most favorable to the ruling, supports those findings. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013) (citing *State v. Kelly*, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006)).

"When vehicles are impounded, local police departments generally follow a routine practice of securing and inventorying the automobiles' contents." *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976). Searches conducted for this purpose are one of several exceptions to the Fourth Amendment's warrant requirement developed as various scenarios have presented themselves to the courts. *See Colorado v. Bertine*, 479 U.S. 367, 371 (1987). An inventory search cannot be used as a ruse to allow "general rummaging in order to discover evidence." *Florida v. Wells*, 495 U.S. 1, 4 (1990). Thus, evidence obtained during an inventory search that follows standardized procedures is admissible, absent a showing that police acted in bad faith or for the sole purpose of investigation. *See Bertine*, 479 U.S. at 375–76; *Trujillo v. State*, 952 S.W.2d 879, 882 (Tex. App.—Dallas 1997, no pet.).

Moon argues the search here was unlawful because it was not appropriately limited in scope and did not strictly comply with the police department's inventory policy. But he did not make those arguments in the trial court and has not preserved them for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Hailey v. State*, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002). Moon asserted in the trial court that the search was unlawful because it was conducted for the primary purpose of discovering contraband. To the extent he repeats that argument on appeal, he has adequately preserved the issue.

As evidence of a pretextual inventory search, Moon points to the fact that Woodruff waited until after Moon denied his request to search the car before

confirming the warrants against him[1] and making the arrest. But Woodruff testified he conducted the inventory because department policy requires it whenever an arrestee's car is towed. The evidence before the trial court also included footage from Woodruff's body camera, which recorded the encounter with Moon. It was up to the trial court to weigh that evidence, assess Woodruff's credibility, and determine whether he conducted the inventory for the sole purpose of investigation. *See Bertine*, 479 U.S. at 375–76; *Trujillo*, 952 S.W.2d at 882. Viewed in the light most favorable to the trial court's ruling, the evidence supports an implied finding that Woodruff acted in good faith.

Moon next contends the evidence is insufficient to support his conviction. We review evidentiary sufficiency under the familiar *Jackson v. Virginia*[2] standard, viewing all evidence in the light most favorable to the verdict to determine whether the factfinder was rationally justified in finding guilt beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

Moon contends the evidence does not show he knowingly or intentionally possessed the gun. *See Bates v. State*, 155 S.W.3d 212, 216 (Tex. App.—Dallas 2004, no pet.) (noting the State must prove possession was knowing or intentional and not merely fortuitous). Presence at a location where contraband is found does not, by

---

[1] Woodruff testified he saw the warrants when he ran Moon's driver's license, but he did not confirm them until later in the encounter.

[2] 443 U.S. 307 (1979).

itself, establish possession. *See Newkirk v. State*, No. 05-12-00202-CR, 2013 WL 222278, at \*4 (Tex. App.—Dallas Jan. 22, 2013, no pet.) (not designated for publication) (citing *Evans v. State*, 202 S.W.2d 158, 162 (Tex. Crim. App. 2006)). But when a defendant is the driver and sole occupant of a vehicle, "it may be inferred that he has knowledge of what is in that vehicle," and "he may be deemed to have possessed any contraband found in it." *Id.* (citing *Menchaca v. State*, 901 S.W.2d 640, 652 (Tex. App.—El Paso 1995, pet. ref'd); *Castellano v. State*, 810 S.W.2d 800, 806 (Tex. App.—Austin 1991, no pet.)).

Moon fairly suggests the gun might have belonged to someone else, noting he told officers he borrowed the car from his cousin. But ownership and possession are not mutually exclusive concepts in criminal law. Both the car and the gun were under Moon's exclusive control at the time of his arrest.

Some courts have cautioned against relying solely on the defendant's control over a vehicle to establish knowledge when contraband is found inside a hidden compartment. *See Newkirk*, 2013 WL 222278, at \*4 (listing cases). In such cases, courts require "additional factors indicating knowledge such as circumstances indicating a consciousness of guilt on the part of the defendant." *Id.* (quoting *Menchaca*, 901 S.W.2d at 652). Assuming without deciding that the locked glove compartment was "a hidden compartment," Moon's conduct indicated a consciousness of guilt. *See id.*; *Bates*, 155 S.W.3d at 216–17.

When asked about his criminal history, Moon gave evasive and incomplete answers. Then, when asked whether there was anything illegal in the car, Moon said: "As far as me? No." A rational factfinder could infer from this response that Moon knew about the gun but wanted to distance himself from any responsibility for it.

Thus, viewing all of the evidence in the light most favorable to the verdict, a rational factfinder could conclude beyond a reasonable doubt that Moon knowingly possessed the gun. *See Newkirk*, 2013 WL 222278, at *4 (citing *Menchaca*, 901 S.W.2d at 652; *Castellano*, 810 S.W.2d at 806); *see also Levingston v. State*, No. 14-15-00110-CR, 2016 WL 2605738, at *3 (Tex. App.—Houston [14th Dist.] May 5, 2016, no pet.) (mem. op., not designated for publication) ("Appellant contends that his conviction wrongly rests on his status as the 'untimely and unfortunate driver of a family member's vehicle.' We disagree because appellant's status as driver and sole occupant establishes his exclusive control over the vehicle and its contents and supports an inference that he knew the vehicle contained contraband.").

We affirm the judgment of the trial court.


/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200102F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DONTE CHOYCE MOON,
Appellant

No. 05-20-00102-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-82158-
2019.
Opinion delivered by Justice Carlyle.
Justices Myers and Osborne
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 29th day of March, 2021.