# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00423-CR

---

**The State of Texas, Appellant**

**v.**

**Chandler Lezo Holloway, Appellee**

---

**FROM THE 264TH DISTRICT COURT OF BELL COUNTY**
**NO. 78518, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING**

---

## O P I N I O N

The State brings this interlocutory appeal to challenge the trial court's partial grant of Appellee Chandler Lezo Holloway's motion to suppress evidence. *See* Tex. Code Crim. Proc. art. 44.01. We affirm the trial court's order.

## BACKGROUND

Holloway was charged with aggravated sexual assault of a child. *See* Tex. Penal Code § 22.021. The testimonial evidence suppressed by the trial court relates to a different alleged bad act from the one underlying the charged offense but involves the same alleged victim, his stepdaughter.[1]

Holloway filed a motion to suppress requesting that all evidence and testimony that resulted from his estranged wife ("Wife") accessing Holloway's phone be suppressed

---

[1] To protect the privacy of the minor victim, we will refer to her as "Stepdaughter," and will refer to her mother and Holloway's wife as "Wife." *See* Tex. R. App. P. 9.10(a)(3).

because she obtained the evidence in violation of state law and thus it was inadmissible. The motion also requested that evidence of a police interview with Holloway and downloaded contents of his phone obtained by police be suppressed.

At the suppression hearing, Wife testified that when she was still living with Holloway, they had a fight in which he accused her of cheating and asked to see her phone. She allowed him to do so, and after scrolling through her phone for about fifteen minutes, he was satisfied and gave it back. She then asked to see his phone and he said, "No." After he went to sleep that night, she used his thumb to unlock his phone. She thought she would find evidence that he had been viewing pornography. Wife also testified that she and Holloway had previously installed an application on his phone to prevent him from viewing pornography. She testified that instead she found inappropriate videos on his phone, one of which she alleges showed her fourteen-year-old daughter sleeping and Holloway's hand using a spatula to lift up her shirt. She testified that she then "went crazy" and began hitting Holloway and screaming at him, which woke him up. She called 911 while running to the bathroom and then locked herself inside. She used his phone to text the videos to her own phone. Holloway broke into the bathroom and got his phone from her by "clawing" at her. He also attempted to take her phone from her, but she bit him hard enough to draw blood. He left the house with his own phone. Her phone ended up in the bathtub, and when police arrived about 25 minutes later, she gave a report but did not show, or attempt to show, the videos to police that night. The next morning a different officer attempted to download the videos off her phone, but the links she had texted to herself had been disabled and were no longer linked to the videos, which she believed was likely due to the source video being deleted.

She testified that at that time, she and Holloway split household bills and part of that split included her paying the full phone bill for the family's five cellphones, including her phone, Holloway's phone, and her three children's phones. She admitted on cross that the phone bill was not in her name but in her mother-in-law's name. She also admitted that she did not have his consent to use his phone, that she used to have the password but did not that night, and that she used to have biometric access to his phone using her own fingerprint, but that Holloway had previously revoked her access to his phone. She also testified that she had a right to the phone because they were married and because she paid the bill and bought the phone he was using. She agreed with the State that the phone was marital property to which she had a 50 percent right.

Detective Robert Preston also testified at the hearing regarding an interview that he conducted with Holloway about an outcry of child sexual abuse and an allegation that inappropriate videos were on his phone. During that interview, Holloway gave the detective his phone's password and his cellphone to forensically download the contents of the cellphone. Holloway informed the detective that he had factory reset the phone recently due to storage and memory issues.

During Wife's testimony she agreed with defense counsel that she told the detective that she paid the phone bill but did not attempt to get possession of the phone from police custody and that when the download was complete the phone was returned to Holloway and not her.

The trial court granted the motion to suppress for the testimonial evidence regarding Wife's access of Holloway's phone[2] but denied the motion for the evidence and testimony regarding the police interview of Holloway and the contents of his phone extracted by police. The State requested, and the trial court entered, findings of fact and conclusions of law. The State appealed the trial court's partial grant of the suppression motion.

## LEGAL STANDARD

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *State v. Espinosa*, 666 S.W.3d 659, 667 (Tex. Crim. App. 2023). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement, is arbitrary or unreasonable, or is without reference to any guiding rules or principles. *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014); *State v. Mechler*, 153 S.W.3d 435, 439–40 (Tex. Crim. App. 2005) (citing *Montgomery v. State*, 810 S.W.2d 372, 378–79 (Tex. Crim. App. 1990)). In a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Lerma v. State*, 543 S.W.3d 184, 190 (Tex. Crim. App. 2018). We therefore defer to a trial court's findings of fact that are supported by the record. *Espinosa*, 666 S.W.3d at 667. We afford almost total deference to a trial court's rulings on mixed questions of law and fact if the resolution to those questions turns on the evaluation of credibility and demeanor. *State v. Hardin*, 664 S.W.3d 867, 871–72 (Tex. Crim. App. 2022). We review de novo legal questions, such as the construction of a statute, and mixed questions that do not turn on credibility and demeanor. *Espinosa*, 666 S.W.3d at 667; *Hardin*, 664 S.W.3d at 872. We view the evidence and all reasonable

---

[2] The trial court's order stated: "[Wife's] seizure, entry, and observations of defendant's phone are suppressed."

4

inferences in the light most favorable to the trial court's ruling, which must be upheld if it is reasonably supported by the record and is correct under a theory of law applicable to the case. *Espinosa*, 666 S.W.3d at 667.

Under the Code of Criminal Procedure, "[n]o evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." Tex. Code Crim. Proc. art. 38.23(a). Unlike the Fourth Amendment, which does not extend to private citizens acting in a private capacity, Article 38.23's "other person" provision allows for suppression of evidence obtained by private individuals in violation of state or federal constitutions or laws. *State v. Ruiz*, 577 S.W.3d 543, 546–47 (Tex. Crim. App. 2019). The burden of producing evidence to support a motion for suppression under Article 38.23 is on the defendant, and only if met, shifts to the State to prove compliance with the statute. *State v. Robinson*, 334 S.W.3d 776, 778–79 (Tex. Crim. App. 2011). "[T]he burden of persuasion is properly and permanently placed upon the shoulders of the moving party." *Pham v. State*, 175 S.W.3d 767, 773 (Tex. Crim. App. 2005).

Under the Penal Code, "[a] person commits an offense if the person knowingly accesses a computer, computer network, or computer system without the effective consent of the owner." Tex. Penal Code § 33.02(a). The Penal Code creates two defenses to the breach of computer security offense for when the accused acted with intent to aid legitimate law enforcement purposes or when the accused was acting pursuant to a contract for security-related services. *See id.* § 33.02 (e), (f).

Under the definitions applicable to the Penal Code chapter covering computer crimes and as applicable here, "'Computer' means an electronic, magnetic, optical,

5

electrochemical, or other high-speed data processing device that performs logical, arithmetic, or memory functions by the manipulations of electronic or magnetic impulses and includes all input, output, processing, storage, or communication facilities that are connected or related to the device." *Id.* § 33.01(4). The "Owner" for purposes of computer crimes, is a person who either "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor," *id.* § 33.01(15)(A), or "has the right to restrict access to the property," *id.* § 33.01(15)(B); *see also id.* §1.07 (35)(A) (defining the general penal code definition of "owner" identically to Section 33.01(15)(A)). "'Possession' means actual care, custody, control, or management." *Id.* § 1.07(39).

## DISCUSSION

The trial court concluded that Wife's access of Holloway's phone was unlawful and that "evidence obtained as a result of that access should be suppressed under Article 38.23(a) of the Texas Code of Criminal Procedure." The trial court found: that Holloway had taken reasonable steps to prevent unauthorized persons, including Wife, from accessing his phone, which included implementing a biometric password and specifically refusing Wife access recently prior to her accessing it; that he had a reasonable expectation of privacy in his phone and its contents; that the family shared a phone plan and each member was designated a specific phone; that Holloway had a greater possessory right to his phone at the time Wife accessed it; that Wife testified she did not have the passcode or biometric access of her own to Holloway's phone; that Wife "had neither actual authority nor apparent authority to access" Holloway's phone; that "[W]ife, manipulated [Holloway]'s finger to unlock his cellular phone, while he was sleeping and without his consent"; that Wife had "committed the offense of Breach of Computer

6

Security under Texas Penal Code Section 33.02(a)"; that Wife was not seeking evidence of a crime when she accessed the phone; and that because Wife's access was unlawful, the resulting evidence should be suppressed under Article 38.23(a) of the Texas Code of Criminal Procedure.

The State contends that Wife could not have committed the offense of breach of computer security because she was a co-owner of the phone and thus gave herself permission to view its contents. The State relies on the Family Code's definition of community property for support. Holloway contends that the definition of ownership in the Penal Code creates a hierarchy of ownership in which a person may have a greater right of ownership that can be violated by someone with a lesser right of ownership.

Based on the plain language of the breach of computer security statute and the definition of "owner" in the Penal Code, we agree with Holloway and the trial court, that an "owner" includes someone with "a greater right to possession of the property than the actor" and that the breach of computer security statute on its face does not create an exception for a spouse, community property, or a co-owner with a lesser possessory right to access a computer without the owner's consent. *See* Tex. Penal Code § 33.01(15)(A), (B) (defining "owner" for purposes of computer crime offenses as having "greater right to possession of the property than the actor" or having "the right to restrict access to the property"), .02 (establishing elements and defenses for offense of breach of computer security); *Lopez v. State*, 600 S.W.3d 43, 45 (Tex. Crim. App. 2020) (explaining that "[s]tatutory construction depends on the plain meaning of the statute's language unless it is ambiguous or the plain meaning would lead to absurd results that the legislature could not have possibly intended").

The trial court found that Holloway had the greater possessory right to the phone than Wife did. This finding was supported by evidence presented during the suppression

7

hearing. Specifically, Wife referred to the phone as Holloway's phone, described asking to see it and being told she could not, accessing it by using his thumb while he was asleep because she had no other way to get through the phone's security, and admitting she did not have his consent to access his phone. Although she also testified that she paid for the phone and the bill, although it was not in her name, the trial court reasonably resolved conflicts in the evidence in finding that Holloway had the greater possessory right. *See* Tex. Penal Code § 1.07(39) (defining "Possession" as "actual care, custody, control, or management"). Thus, because, as the trial court found, Holloway had a greater possessory interest in his cellphone, he was the "owner" for purposes of the breach of computer security statute and because Wife accessed his phone without his consent as the "owner," an offense was committed under the statute.

The State also contends that even if wife did not give herself effective consent to access the cellphone, she still did not commit the offense because she did not *knowingly* access the phone without the consent of the owner because she believed that she as a co-owner was giving herself effective consent. "To establish a violation of [Section 33.02], the evidence must show the person who accessed the computer did so when they knew they didn't have the effective consent of the computer's owner to access the device." *Runyon v. State*, 674 S.W.3d 624, 633 (Tex. App.—Beaumont 2023, pet. ref'd) (holding that girlfriend's access of defendant's computer when he was not home did not violate offense because her testimony that there was never discussion regarding not using each other's computers unsupervised, that she had been allowed to use it in past, and that computer was left on and unlocked when defendant left for work supported trial court's finding that she did not know she did not have his consent to use his computer when he was not present); *see also Thomas v. State*, 586 S.W.3d 413, 421 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (explaining that "the 'knowing' mental state

8

required by section 33.02 applies to both the 'access' and 'effective consent' elements of the offense").

Conflicting evidence was presented regarding this element. Wife testified that she was an owner because they were married, and she bought and paid for the phone. She also used the term "we" when describing that she and Holloway installed an application on his phone to prevent him from viewing pornography. However, she also testified that the phone bill was in his mother's name, and that she had been denied access to it, waited until he fell asleep, and then physically moved his finger onto his phone to gain access to it while he remained asleep because she had no other way of accessing his phone. The trial court could have reasonably inferred from some of the presented evidence that she did not believe she had effective consent to access the phone, and the trial court could have determined that evidence to be more credible and worthy of greater weight than her testimony supporting that she believed she was consenting to access the phone herself. *See Lerma*, 543 S.W.3d at 190 (explaining trial judge is sole trier of fact and judge of credibility of witnesses and weight to be given their testimony). Further, no evidence was presented that Wife thought she had Holloway's consent to access his phone, but rather, Wife admitted that she did not have his consent.

Applying the applicable standard and viewing the evidence and all reasonable inferences in the light most favorable to the trial court's ruling, we conclude that the trial court did not abuse its discretion when it determined that Holloway met his burden of establishing that Wife illegally obtained the cellphone evidence, and thus, suppressed the evidence resulting from Wife's unauthorized search of Holloway's phone. We overrule the State's sole issue.

**CONCLUSION**

Because we overrule the State's sole issue, we affirm the trial court's order.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, Kelly

Affirmed

Filed:   July 26, 2024

Publish