# Court of Appeals
## Tenth Appellate District of Texas

---

10-24-00007-CR

---

Paul Bryan Nichols,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
443rd District Court of Ellis County, Texas
Judge Cynthia Ermatinger, presiding
Trial Court Cause No. 51141CR

---

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

Paul Bryan Nichols was found guilty by a jury of ten counts of possession of child pornography. *See* TEX. PENAL CODE ANN. § 43.26. The jury assessed his punishment at three years' confinement in the penitentiary on each count. The trial court sentenced Nichols accordingly and ordered the sentences to run consecutively. Nichols now brings this appeal.

### A. Background

Paul Nichols was residing with his parents in August 2020 and staying in a bedroom that doubled as an office for his father, Larry Nichols, which contained a computer. The computer was used by all family members, including Larry, his wife Linda, Paul, and any visiting family members, such as grandchildren, who needed to use it. Prior to Paul moving in, Larry had requested that his nephew, Steven Hutcherson, work on the computer, during which Steven installed a remote access application to facilitate future troubleshooting without needing to travel to Larry's house. Larry claimed that he understood that Steven would only use the remote access application if contacted for a computer issue, but Steven said that he believed that there were no restrictions on his use.

On August 4, 2020, while Steven's stepdaughter was using his home computer, Steven accessed the remote access application to pause her game and noticed Larry's computer was active. Upon accessing it, Steven observed images depicting child pornography, and he began taking screenshots with his cell phone, while asking his ex-wife, who was present, to step over to witness the content. Steven's home security video system captured when Steven discovered the activity on Larry's computer. Steven contacted Larry, who confirmed that Paul was the only one at Larry's home at the time. Steven was conflicted when he realized the person viewing the child pornography was a relative and held onto the screenshots for twenty days before turning the

screenshots over to law enforcement. During that time, Steven showed them to various family members in an effort to get a relative that was closer to Paul to encourage Paul to turn himself into law enforcement. Steven also recorded a phone conversation with Paul, during which Paul apologized for the situation and admitted engaging in inappropriate activities on the computer.

Steven ultimately turned over all the screenshots, the recording of the phone call, and the home security video to law enforcement. A warrant was obtained by law enforcement to conduct a search of Larry's house and resulted in the discovery of a new computer that contained no inappropriate images. Paul was subsequently indicted for ten counts of possession of child pornography.

## B. Issues One and Two

In Paul's two issues, he contends that the trial court erred in denying his motion to suppress and his requested article 38.23(a) Code of Criminal Procedure jury instruction. In issue one, Nichols contends the trial court should have granted his motion to suppress because the images of child pornography were not obtained with a warrant and were illegally captured by a private citizen. In issue two, Nichols contends that he was entitled to an article 38.23(a) jury instruction because the evidence established a contested issue of fact regarding consent to access Larry's computer.

1. Authority

We review a trial court's ruling on a motion to suppress with a bifurcated standard. *Martin v. State*, 620 S.W.3d 749, 759 (Tex. Crim. App. 2021). "We give almost total deference to the trial court's findings of fact and review *de novo* the application of the law to the facts." *Id.* (quoting *State v. Ruiz*, 577 S.W.3d 543, 545 (Tex. Crim. App. 2019)) (internal quotes omitted). "When a trial judge makes express findings of fact, an appellate court must examine the record in the light most favorable to the ruling and uphold those fact findings so long as they are supported by the record." *Id.* (quoting *State v. Rodriguez*, 521 S.W.3d 1, 8 (Tex. Crim. App. 2017)) (internal quotes omitted). We will affirm the trial court's ruling if it is correct under any applicable theory of law and the record reasonably supports it. *Martin*, 620 S.W.3d at 759.

Article 38.23 has a standing requirement, and the right to complain about an illegal search or seizure is a privilege personal to the wronged or the injured party. *Bluntson v. State*, No. AP-77,067, 2025 WL 1322702, at *36 (Tex. Crim. App. May 7, 2025). "Accordingly, one who has not suffered infringement of a legal right does not have standing to complain." *Bluntson*, 2025 WL 1322702 at *36. The wronged or injured party has the burden of proving facts to show standing. *Bluntson*, 2025 WL 1322702 at *33.

To establish standing to contest a search, the wronged or injured party must show that he had a legitimate expectation of privacy in the area searched. *Metoyer v. State*, 860 S.W.2d 673, 677 (Tex. App.—Fort Worth 1993, pet. ref'd).

To prove a legitimate expectation of privacy, the wronged or injured party must establish that, by his conduct, he exhibited an actual subjective expectation of privacy, and that circumstances existed under which society was prepared to recognize his subjective expectation as objectively reasonable. *See Granados v. State*, 85 S.W.3d 217, 223 (Tex. Crim. App. 2002); *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). The following factors are relevant to the consideration of whether a privacy interest is objectively reasonable: (1) whether the accused had a property or possessory interest in the place searched; (2) whether he was legitimately in the place searched; (3) whether he had complete dominion or control and the right to exclude others; (4) whether, prior to the search, he took normal precautions customarily taken by those seeking privacy; (5) whether the property was put to some private use; and (6) whether the claim of privacy is consistent with historical notions of privacy. *Id.* While the factors are more applicable to a discussion of an expectation of privacy in a place rather than in an object such as a computer hard drive, they remain instructive. *See Miller v. State*, 335 S.W.3d 847, 855 (Tex. App.—Austin 2011, no pet.).

2. Analysis

It is uncontested that Larry was the owner of the computer and that Paul had no property interest in the computer. Paul did not have complete dominion or control of the computer, nor did he have the right to exclude others from its

use. While Paul was residing in the bedroom with the computer, any possessory interest was limited because the bedroom was used as an office for Larry and the other members of the family were free to enter the bedroom and use the computer. Paul did utilize the private browsing mode on the computer web browser, but that would only prevent browsing activity and associated files from being saved on the computer and accessed by other users of the shared computer. Being a shared computer, there was no evidence that Paul set up a separate profile or username and a unique password to access his files he maintained on the computer, or that he routinely encrypted his files maintained on the computer in order to maintain his privacy. Importantly, one of the screenshots taken by Steve showed the desktop screen on the shared computer had a file titled "PAUL VA." In Paul's interview with law enforcement, State's Exhibit 27, Paul acknowledged that he used the shared computer, was former military, and used the "V.A."

Based on this record, we conclude that Paul's conduct did not exhibit an actual subjective expectation of privacy in the shared computer. *See Villarreal*, 935 S.W.2d at 138. Furthermore, we conclude that Paul failed to sustain his burden that any expectation he may have possessed was objectively reasonable. *See Id.*

Because Paul failed to establish that he had a legitimate expectation of privacy in the computer, he has no standing to challenge the capture of the

screenshots of the pornographic images or to have their admission excluded under article 38.23. Furthermore, Paul was not entitled to an article 38.23 instruction because article 38.23 does not apply to a person who does not have standing. *See Neal v. State*, 256 S.W.3d 264, 284 (Tex. Crim. App. 2008). We overrule both of Paul's issues.

## C. Conclusion

We affirm the judgments of the trial court.

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED: November 13, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed
Do Not Publish
CRPM

