**Affirmed and Opinion Filed January 31, 2022**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00069-CR

**ANTONIO SALAZAR JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 2**
**Dallas County, Texas**
**Trial Court Cause No. M17-57048**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Antonio Salazar, Jr. appeals his conviction for driving while intoxicated (DWI). Salazar moved to suppress the results of the State's blood alcohol test. The trial court denied Salazar's motion. Salazar also moved for a probable cause jury charge. The trial court denied this request. In two issues, Salazar contends the trial court erred in denying his motions. We affirm the trial court's judgment.

## BACKGROUND

In the early morning hours of June 12, 2017, Dallas Police Senior Corporal Timothy Cordova was dispatched to investigate an accident on West Illinois Avenue in Dallas, Texas. When he arrived, he found Salazar standing by a damaged pickup

truck in a grassy area next to a McDonald's restaurant. Cordova asked Salazar what the issue was, and Salazar indicated the truck was "disabled and ruined." Cordova saw that the truck was missing the front, left wheel, which was located in the McDonald's drive-through lane. Cordova also saw that a trash can had been knocked over near the restaurant. From Cordova's observations of the scene, he determined that the truck struck a guardrail while moving through the drive-through lane and came to rest against another railing. Salazar admitted that he had been driving the truck.

Cordova suspected that Salazar was intoxicated, so he began questioning Salazar. Salazar said that he had been drinking earlier while "watching a game" at a bar. He indicated that he consumed six to eight beers from 8:00 p.m. to 10:00 p.m. He said that he came to the McDonald's after dropping someone off. Cordova administered several field sobriety tests. Salazar exhibited several "clues" indicating he was intoxicated, and Cordova placed him under arrest for DWI.

Dallas Police Corporal Cassie Dotsy took Salazar to Dallas County Jail. Once there, Dotsy administered the statutory warning and requested breath and blood specimens from Salazar. Salazar refused, and Dotsy obtained a warrant to draw Salazar's blood. Dotsy transported Salazar to Parkland Hospital, where his blood was drawn. The Southwestern Institute of Forensic Sciences tested Salazar's blood and reported a blood alcohol concentration of 0.133 grams of ethanol per 100 milliliters of blood. Salazar moved to suppress the results of the blood alcohol test.

At the hearing on his motion, Salazar asserted that the warrant authorized only collecting his blood. It did not authorize testing it. He also argued the affidavit in support of the warrant was defective because it was not based solely on Dotsy's personal knowledge of the facts, and the magistrate's signature was illegible. The State cited *Crider v. State*, No. 04-18-00856-CR, 2019 WL 4178633, at *1 (Tex. App.—San Antonio Sept. 4, 2019) (mem. op., not designated for publication), *aff'd*, 607 S.W.3d 305 (Tex. Crim. App. 2020), and argued the warrant was sufficient to authorize the blood test. The trial court denied Salazar's motion.

During trial, Salazar requested a probable-cause jury charge. Salazar asserted that he passed the field sobriety tests, thus the jury should have a chance to determine whether Cordova had probable cause to arrest him. The trial court denied the request. A jury convicted Salazar of DWI, and this appeal followed.

## ANALYSIS

In two issues, Salazar contends the trial court abused its discretion in denying his motion to suppress because the State was required to obtain a separate warrant to analyze his blood and the trial court abused its discretion in refusing a jury instruction regarding probable cause because there was a fact issue as to whether the evidence supported a probable cause determination. We address each issue in turn.

## A.    Warrant

In his first issue, Salazar contends the trial court abused its discretion in denying his motion to suppress because the warrant only allowed the State to obtain his blood; it did not allow the State to test his blood.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *State v. Staton*, 599 S.W.3d 614, 616 (Tex. App.—Dallas 2020, pet. ref'd) (citing *State v. Ruiz*, 577 S.W.3d 543, 545 (Tex. Crim. App. 2019)). We give almost total deference to the trial court's determination of historical facts and review de novo the application of the law to the facts. *Id*. We view the record in the light most favorable to the trial court's ruling and uphold the ruling if it is supported by the record and is correct under any theory of the law applicable to the case. *Id*.

At the time of the hearing on Salazar's motion to suppress, the Texas Court of Criminal Appeals had not ruled on the holding of the San Antonio Court of Appeals in *Crider*. The Texas Court of Criminal Appeals has now affirmed the intermediate court's holding in *Crider*, which is based on facts similar to those before us now. *See Crider v. State*, 607 S.W.3d 305, 306–07 (Tex. Crim. App. 2020). In *Crider*, the court stated: "[T]he State obtained the blood sample by way of a magistrate's determination that probable cause existed to justify its seizure—for the explicit purpose of determining its evidentiary value to prove the offense of driving while intoxicated." *Id*. at 308. The court continued, "That magistrate's determination was sufficient in this case to justify the chemical testing of the blood. And this is so,

we hold, even if the warrant itself did not expressly authorize the chemical testing on its face." *Id*.

Here as in *Crider*, the magistrate's determination that probable cause existed to justify the seizure of the blood sample from Salazar was also, by its own account, sufficient to justify the chemical testing of the blood seized. *See id*.; *see also State v. Jones*, 608 S.W.3d 262, 264 (Tex. App.—Dallas 2020, pet. ref'd) (concluding *State v. Martinez* did not apply to blood draw pursuant to warrant "because it dealt with a different question—i.e., whether 'an individual has an expectation of privacy in blood previously drawn for purposes other than police testing,'" quoting *Staton*, 599 S.W.3d at 618). Thus, an additional warrant expressly authorizing the testing of the blood seized was not required and could not serve as a basis for suppressing the blood-analysis results. Accordingly, we overrule Salazar's first issue.

## B.     Probable-Cause Instruction

In his second issue, Salazar contends the trial court abused its discretion in refusing to include a probable-cause charge to allow the jury to determine whether there was probable cause for his arrest. According to Salazar, there was a factual dispute about whether the "clues" observed by Cordova in the field sobriety test were sufficient to find probable cause to arrest Salazar. We review a trial court's refusal to give an instruction in its charge for an abuse of discretion. *Steele v. State*, 490 S.W.3d 117, 130 (Tex. App.—Houston [1st Dist.] 2016, no pet.). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within

which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

Salazar contends "it was impossible to determine that [his] blood alcohol content at the time he was driving was above the legal limit" and there was a fact issue as to whether the "clues" on the field sobriety test were sufficient to provide probable cause that he was intoxicated. Thus, he asserts that the trial court was required to instruct the jury under article 38.23(a) of the Texas Code of Criminal Procedure, which states:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PRO. art. 38.23(a). We review claims of jury-charge error first for error. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If we find error, we then review for harm. *Id*.

A trial court must give an article 38.23(a) instruction to the jury when the evidence raises an issue of disputed fact that is material to the appellant's claim of a constitutional or statutory violation that would render the evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007). But when the evidence does not raise a disputed fact issue, the trial court does not err by refusing

to give the instruction to the jury. *Id*. at 510. The disputed fact issue must be created by "affirmative evidence." *Id*. at 513. When "the issue raised by the evidence at trial does *not* involve controverted historical facts, but only the proper application of the law to undisputed facts, that issue is properly left to the determination of the trial court." *Robinson v. State*, 377 S.W.3d 712, 719–20 (Tex. Crim. App. 2012) (dispute about whether "a driver is *legally* required to signal at [a particular] confluence of the roadways" is not a fact issue, but "conflicting testimony before the jury with regard to the *physical* character of the roadway" would be); *see also Balentine v. State*, 71 S.W.3d 763, 773 (Tex. Crim. App. 2002) ("A trial court is required to include an Article 38.23 instruction in the jury charge only if there is a factual dispute as to how the evidence was obtained.").

The evidence here did not raise a fact issue. Salazar does not dispute how the field sobriety test was conducted, how Cordova observed the "clues" resulting in his probable cause determination, or what "clues" were observed. Instead, Salazar merely contends he "passed the field sobriety tests." Thus, he argues that there is a "fact" issue regarding whether there was sufficient evidence to make a probable cause determination. This is a legal determination, not a fact question. *See Paulsen v. State*, No. 05-11-01070-CR, 2012 WL 3010348, at *4 (Tex. App.—Dallas July 24, 2012, no pet.) (not designated for publication) ("whether the driving facts indicated intoxication" sufficient to provide reasonable suspicion to stop appellant is a legal determination, not a fact issue); *Streitberger v. State*, No. 05-09-00711-

CR, 2010 WL 1744636, at *3 (Tex. App.—Dallas May 3, 2010, pet. ref'd) (not designated for publication) (appellant's contention that the evidence obtained during field sobriety test was insufficient to provide probable cause to arrest was not "affirmative evidence of a disputed historical fact"); *Cuellar v. State*, No. 04-19-00385-CR, 2020 WL 4809752, at *4 (Tex. App.—San Antonio Aug. 19, 2020, no pet.) (mem. op., not designated for publication) ("Whether Officer Morales had 'probable cause' to arrest Cuellar for driving while intoxicated is a question of law for the trial court, not a question for the jury.").

Based on the undisputed facts regarding information collected by Cordova in support of his determination of probable cause to arrest Salazar, we conclude the trial court did not err in denying Salazar's request for an article 38.23 jury instruction. *See Madden*, 242 S.W.3d at 510 (trial court properly refuses request when no issue raised by evidence requires article 38.23 jury instruction); *see also Garza v. State*, 126 S.W.3d 79, 86 (Tex. Crim. App. 2004) (legality of search or arrest is question of law, not fact, when essential facts concerning search or arrest not in dispute). Finding no error, we need not perform a harm analysis. *See Kirsch*, 357 S.W.3d at 649. We overrule Salazar's second issue.

**CONCLUSION**

Having overruled both of Salazar's issues on appeal, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).
200069F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO SALAZAR JR.,
Appellant

No. 05-20-00069-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal
Court of Appeals No. 2, Dallas
County, Texas
Trial Court Cause No. M17-57048.
Opinion delivered by Justice Partida-
Kipness. Justices Myers and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered January 31, 2022